Willie, Chief Justice.
The petition charges that the injury complained of occurred through the negligence of the railroad company, in failing to prepare, fix and keep in repair a good, safe and substantial crossing over the railroad track, at the place where it was crossed by the Sulphur Springs and Pittsburg dirt road; and it further charged that this crossing was defective, rotten and insufficient.
The plaintiff was not bound to set forth in his petition with any great particularity the specific acts of negligence which brought about his injury. (Oldfield v. N. Y. R. Co., 14 New York, 310;. I. R. R. Co. v. Keely’s Adm., 23 Indiana, 133; State v. Railroad, 52 New Hampshire, 528; Noyes v. Turnpike Co., 11 Vermont, 536.)
Under the general allegations made’ by him as to the failure to prepare, fix and keep the crossing in repair, and that it was defective and insufficient at the crossing, he could have introduced any evidence he chose as to the rotteness of the plank of which it was in part constructed, without the specific allegation as to this defect. These allegations pointed out the particular place and thing which were insufficient and needed repair, and it was hot necessary to detail their faults and imperfections. A plaintiff is not ordinarily presumed to know the condition of the track, machinery, cars and equipage of a railroad, so as to specify what particular defect has brought about the disaster by which he is injured. A passenger injured, or a wife whose husband has been killed, in a collision can not well know whether it was due to the want of a headlight, the imperfection of a brake, or the incapacity of an engineer. To require them to specify the cause or causes of these, or any other accidents produced by the negligence, would, in many cases, be to require an impossibility and amount to a denial of justice. But such things are or should be known to the railroad company, and it does not require much particularity in pleading to put it on notice what negligence is laid to its charge.
The specification in this case of one particular in which the crossing was defective did not confine the plaintiff to proof of that defect alone. The clear and natural construction of the *505 averments are, that the crossing had not been properly prepared, fixed and kept in repair, and that it was rotten and otherwise defective and insufficient. The case of Waldhin v. H. & S. R. R. Co., 2 American and English Railway Cases, 146, is not in conflict with these views. That case holds that, when there is a general, and also a specific averment of negligence, and the proof fails to show that the specific act charged caused the injury, but,does show that it was caused by an act which might come under the general allegation, the plaintiff can not recover if the general averment is insufficient. Here the most general averments were far more specific than those made in that case and were sufficient, as we have seen, and hence the decision adopted is not applicable. We think testimony as to the defects shown by the witness Elliott, were admissible.
Opinion delivered November 16, 1886.
For the same reasons the charge of the court objected to was correct. The allegations to the effect that the crossing was not properly prepared, and that it was defective and insufficient, might be established by proof of faults in its original construction as well as of faults existing after it had been repaired. Unless the allegation as to rottenness is to control and restrict all the other allegations. This we have determined to the contrary. lie the last case cited above, where the action was for an injury to plaintiff’s horses, wagon and harness, consequent upon a defect in a turnpike, an allegation that the damages were caused “by reason of the road being out of repair and the badness thereof,” was held equivalent to a general allegation of insufficiency, and was supported by evidence of insufficiencies in the original construction of the road. (Thompson on Negligence, 1248.) This is in accordance with the views already expressed and those of the trial judge.
The fifth error assigned is not well taken. It was not the intention of the statute to disqualify as a juror any person who might happen to be subpcened in a case, if he was not examined as a witness. The juror was not in the employ of the plaintiff at the time of the trial, but had been about a year before that time. How that fact prejudiced him in favor of the plaintiff is not shown, and we are unable to perceive that it would upon general principles.
The evidence as to the condition of the crossing was conflicting. It did not even preponderate in favor of the defendant.
There is no error in the judgment and it is affirmed.
Affirmed.