This is a suit by appellee against appellant to recover damages for injuries alleged to have been sustained by him while in its service as a section hand, in a collision between a passenger train of appellant and a pushcar, which appellee and other members of the section gang were endeavoring to remove from the track. Appellee claimed that appellant and the foreman of the section gang were negligent in having the gang upon the track with the pushcar without advising appellee of the approach of the passenger train, and also that the agents and servants of appellant in charge of the passenger train were guilty of negligence in failing to signal its approach to the pushcar, and in negligently and carelessly running into the same, with knowledge, or means of knowledge, of the presence of the pushcar on the track, and of appellee by or near the same.
Appellant answered by general demurrer and special exceptions, a general denial and special answer, interposing the defenses of contributory negligence and assumed risk.
The trial before a court and jury resulted in a verdict and judgment for appellee for $3,500.
Appellant's first, second and third assignments of error complain of the refusal of the court to give to the jury its requested charges numbers 1, 7 and 8, which were peremptory instructions to the jury to find for appellant. The court did not err in refusing these charges, as there was sufficient evidence adduced upon the trial to support the allegations of negligence charged against appellant in appellee's petition, and to support a finding that appellee was not guilty of contributory negligence.
Appellee alleged in substance that, at the time of his injury, he was a section hand working under the direction of a section foreman, and, as was his duty at the time, at the usual hour, was upon the track of defendant's railroad, engaged in unloading ties from a pushcar on the track at a point about two hundred and twenty yards south of a whistling post, and about the same distance north of a public crossing; that he at the time had no notice of the delayed passenger train about to pass; that, while so engaged under the direction of his foreman, he was ordered to get the car off the track, as a train was coming; that he immediately, with all haste, attempted to obey the order; that four men were engaged in unloading the car, one at each end, which of necessity placed him with his back to the foreman, who was north of him on the track; that when so engaged in attempting to remove said pushcar from the track, without any notice of danger from the approach of the engine, he was run into by the engine of a passenger train and injured, as set out in his petition; that the servants in charge of said train wilfully and negligently ran into and upon appellee while he was so engaged, without any notice to him of its approach; that they failed to *Page 379 
ring the bell or blow the whistle, as required by law; that the foreman, under whose direction appellee was at the time engaged in clearing the track for the train to pass, saw and knew of appellee's danger, and negligently and wilfully failed to notify him; that appellee knew of the public crossing where, under the law, appellant was required to blow its whistle and ring its bell; that as he worked he listened for the whistle and the ringing of the bell; that, if appellant had complied with its duty in this respect he would have been notified of the approach of the train in time to have avoided the injury; that he did not hear the bell ring or the whistle blow; that appellant's servants in charge of said train saw, or, by the use or ordinary care, could have seen, appellee on the track for a long distance, and could easily have stopped the train and have avoided the injury, or could have notified the appellee of the approach of the train so that he could have gotten off the track and avoided injury to him; that the section foreman under whom appellee was working saw appellee's danger, and attempted to stop said train by giving to the servants and employes of appellant the usual signals for said train to stop, which signals they saw but refused to obey; that said section foreman knew that the trainmen were disobeying the signals to stop, but negligently and wilfully failed to notify appellee of his danger, thereby causing appellee to be injured as alleged.
These allegations are substantially supported by the testimony of appellee; and as to the failure upon the part of appellant to ring the bell or blow the whistle, as required by law, he is corroborated by other witnesses who testified upon the trial. Evidently McVey, the foreman, saw the train approaching, and thought, when he told his men to hurry up and get the pushcar off, that there would be time to get it off before the train would strike it, or that the trainmen would see the pushcar, and him and his men attempting to get the same off the track, and would slow up and avoid a collision, and, therefore, did not warn the appellee of his danger. The evidence also shows that McVey, seeing that his men were not likely to get the pushcar off the track in time to avoid the collision, went to their assistance, and, while assisting them in the attempt to get the same off the track, the train collided with the pushcar and killed him and injured the appellee, as set forth in his petition. While it was commendable in McVey to thus assume the risk of losing his own life to save the lives of the passengers and employes on the train, still it was his duty to notify the appellee of the danger to which he was being exposed in time for him to have avoided it; and the failure of McVey to so notify him constituted negligence on the part of appellant. (Texas P. Ry. Co. v. Lewis, 26 S.W. Rep., 873; Stephens v. Hannibal St. J. Ry. Co., 9 S.W. Rep., 591; Texas P. Ry. Co. v. Carter, 73 S.W. Rep., 50; International G. N. Ry. Co. v. McVey, 81 S.W. Rep., 991.)
Appellant's fourth assignment of error is too general to require consideration.
Appellant's fifth assignment of error complains of the third paragraph of the court's charge, which is as follows: "It was the duty of the foreman to exercise ordinary care for the safety of the plaintiff while working under him in unloading the pushcar; and if you find *Page 380 
from the evidence that the section foreman knew the danger to the plaintiff by reason of the near approach of the train, and that he failed to notify him of such danger, and that such action on his part was negligence, as hereinbefore defined, then the defendant would be liable if such negligence caused the injury complained of, unless you further find that the plaintiff knew himself of such danger, or, by the use of ordinary care, could have known."
Appellant's contention is that said paragraph is an inaccurate and incorrect statement of the law, in that the court had failed to advise or instruct the jury as to the meaning of ordinary care, and because such instruction was not predicated upon any assumption that the plaintiff was relying upon the foreman to protect him against the approaching train. In our opinion, said paragraph of the court's charge is a proper and correct statement of the duty, under the law, of a section foreman under the circumstances alleged and proven in this case; and, if appellant desired a specific definition of ordinary care given to the jury, it should have requested same. (Texas P. Ry. Co. v. Lewis, supra; Stephens v. Railway Co., supra; Railway Co. v. Carter, supra.)
What was said in disposing of the fifth assignment of error disposes of the sixth.
There was no error in the sixth paragraph of the court's charge, complained of in appellant's seventh assignment of error, and hence that assignment is overruled. (International G. N. Ry. Co. v. Tisdale, 81 S.W. Rep., 347.)
Appellant's eighth assignment of error complains of the seventh paragraph of the court's charge, which is as follows: "If you find for the plaintiff, and allow him damages, you should allow him such sum as you believe from the evidence will compensate him reasonably for the injuries received, if any; and in estimating his damages, if any, you may take into consideration the mental and physical pain and suffering, if any, consequent upon the injuries received, and the reasonable value of time already lost, if any, consequent upon his injuries; and if you believe from the evidence that said injuries are permanent, and will disable him to labor and earn money in the future, then you may, in addition to the above, find such sum as will, if paid now, be a fair compensation for his diminished capacity, if any, to labor and earn wages in the future," upon the ground that the same is an incorrect and inaccurate statement of the law, and an invitation to the jury to assess double damages. We do not agree with the contention of appellant. In our opinion, this instruction properly and correctly submits to the jury the true measure of damages, in view of the pleadings and evidence in this case, and it does not authorize or require the jury to assess double damages upon any matter enumerated therein. (Galveston, H. S. A. Ry. Co. v. Lynch, 55 S.W. Rep., 389; Galveston, H. S. A. Ry. Co. v. Waldo, 32 S.W. Rep., 783.)
Appellant's ninth assignment of error complains of the refusal of the court to give its special instruction number 3, which placed the burden upon appellee to prove that, at the time of the injury, he was not guilty of contributory negligence. We think there was no error in this action of the court. The general rule is that the burden is on the defendant to establish contributory negligence; but, in this case, the *Page 381 
court gave no charge to the jury as to the burden of proof on this issue, and the appellant has no reason for complaint. (Gulf, C. S. F. Ry. Co. v. Hill, 70 S.W. Rep., 103; Railway Co. v. Geiger, 79 Tex. 21; Gulf, C. S. F. Ry. Co. v. Shieder, 88 Tex. 152.)
By its tenth assignment of error appellant complains of the refusal of the court to give to the jury its special instruction number 2. There was no error in this action of the court, as the testimony tended to show that appellee did not know of the danger he was in on account of the near approach of the train; and, also, he was entitled to the benefit of the signals in his protection, as, at the time of the injury, he was at a point near enough to have heard them, if given as required by the law. (Missouri, K. T. Ry. Co. v. Taft, 74 S.W. Rep., 89; Railway Co. v. Hester, 72 Tex. 43.)
The court below did not err in refusing to give to the jury appellant's special instruction number 4, because the same does not embody a correct principle of law, in view of the pleadings and evidence in this case. (Carter v. Texas Pac. Ry. Co., supra; International G. N. Ry. Co. v. McVey, supra.)
There was no error in the refusal of the court to give to the jury the special charges requested by appellant, as shown by its twelfth, thirteenth, sixteenth and seventeenth assignments of error, because the matters to which they relate were fully covered by the general charge of the court and the requested charges given.
There was no error in the refusal of the court to give appellant's requested charge number 17, because the same is argumentative and upon the weight of the evidence.
Appellant's nineteenth assignment of error complains of the refusal of the court to give its special instruction number 18. We overrule this assignment because there was no issue of accident involved in this case.
Appellant's twentieth and twenty-first assignments of error are overruled, because the matters to which they relate are fully covered by special charges numbers 11 and 14, given by the court at appellant's request.
Appellant's special instruction number 15, the refusal to give which is complained of by its twenty-second assignment of error, was fully covered by its special charge number 10 given by the court.
We overrule appellant's twenty-third assignment of error, as the court correctly refused to give its special instruction number 20 to the jury, as the same does not state a correct principle of law, and takes away from the jury the right to pass upon the acts and conduct of the parties, as developed by the evidence, as constituting negligence or contributory negligence.
Appellant's twenty-fourth and twenty-fifth assignments of error are overruled, as, in our opinion, there is ample testimony in the record to support the verdict of the jury; and the amount, in view of the nature and character of the injuries received by appellee, is not excessive.
The judgment of the court below is affirmed.
Affirmed.
Writ of error refused. *Page 382