Missouri, Kansas and Texas Railway Company of Texas v.
Stanfield Brothers.

Decided October 28, 1905.

**1.—Charge of Court—Expression, "Proper Time."**

The use of the expression "proper time" in the charge of the court referring to the transportation of cattle when read in connection with the rest of the paragraph, could not have been understood to mean anything else than reasonable time.

**2.—Res Gestae—Declarations of Conductor.**

The declaration of a conductor, contemporaneous with the stalling of his train, to the effect that "he was overloaded" is admissible as part of the res gestae.

Appeal from the District Court of Cooke County. Tried below before Hon. D. E. Barrett.

*Garnett, Eldridge & W. P. Midkiff,* for appellant.—The court erred in that part of the second section of its charge wherein the court instructs the jury that if on account of such shrinkage and decline, the market value of cattle in St. Louis was depreciated, and that on account of such depreciation in value caused as aforesaid the plaintiff was compelled to sell their cattle at less than they could and would have sold them for had they reached there in proper time, to find for

plaintiff the amount of such depreciation and difference in value, if any. The use of the term "proper time" is error, as the charge leaves the question to the jury to fix its own standard of proper time. Fort Worth & N. O. Ry. v. Enos, 50 S. W. Rep., 596; Missouri, K. & T. Ry. v. Mitchell, 79 S. W. Rep., 94; City of Honey Grove v. Lamaster, 50 S. W. Rep., 1054; Gulf, C. & S. F. Ry. v. Head, 15 S. W. Rep., 504.

The declarations of defendant's conductor are not admissible in evidence against defendant or binding upon it unless such statement related to some act, then being performed by him, which was his duty, as conductor, to perform. Said statement of the conductor that he (meaning his train) was overloaded did not relate to any act being performed by him, which it was his duty to perform, and it does not appear that said statement was made by the conductor at the very time any such act of the conductor was being performed by him. And it does not appear that said conductor had authority to designate the number of cars his train should contain, or that the schedule of the train was in any manner under his control. St. Louis, I. M. & S. Ry. v. Carlisle, 78 S. W. Rep., 553; Waggoner v. Snoddy, 85 S. W. Rep., 1134; San Antonio & A. P. Ry. v. Robinson, 11 S. W. Rep., 329.

Statements made by the livestock agent at a different time and different place from which cattle are shipped with reference to the time in which cattle could be transported to market, are hearsay and inadmissible. Said statements of the livestock agent were clearly hearsay and inadmissible and were calculated to improperly influence the jury in finding a verdict. St. Louis, I. M. & S. Ry. v. Carlisle, 78 S. W. Rep., 553; Waggoner v. Snoddy, 85 S. W. Rep., 1134; San Antonio & A. P. Ry. v. Robinson, 11 S. W. Rep., 329.

*Potter & Potter,* for appellees.—The use of the expression "proper time" could not possibly mislead the jury as it is clearly used as synonymous with "reasonable time" which latter expression had been used a number of times in that connection. Missouri, K. & T. Ry. Co. v. Russell, 88 S. W. Rep., 379, and cases there cited.

The testimony objected to was part of the res gestae and was an expression by the conductor in charge of the train of the condition of the train and the reasons for it being stalled.

STEPHENS, ASSOCIATE JUSTICE.—Appellees recovered a verdict and judgment for $1,600 as damages growing out of three shipments of beef cattle from Hazel, Texas, to East St. Louis, Illinois, unreasonable delay due to overloading and other causes being the ground of recovery.

The first assignment complains of the use of the words "proper time" in the charge, but read in connection with the rest of the paragraph in which they are used they could not well have been understood by the jury to mean anything else than a reasonable time.

The next assignment presents a question of more difficulty, complaining as it does of the admission in evidence of the following deposition of witness Tuttle: "Interrogatory No. 7. Did said train make the usual and reasonable time between stations, or was there any unusual

slow running between stations, or was it stalled on any part of the road? If so, state where and state the cause of such slow running or stopping, if·any, and state what length of time the train was delayed on account thereof? Answer to Interrogatory No. 7. Ran slow between stations. Stalled on grade between Muskogee and Parsons, Kansas. The conductor said he was overloaded." The last sentence of this answer was objected to as being "inadmissible and not binding on appellant because not part of the *res gestae.*" The ruling is defended by the appellees on the ground that it was a part of the *res gestae,* being "an expression by the conductor in charge of the train of the condition of the train and the reasons for it being stalled." ·

Without stopping to comment on the diversity of opinion that has arisen in the practical application of the familiar rule of evidence suggested by the words *res gestae,* we proceed at once to inquire whether the declaration of the conductor in this instance was admissible under that rule. The time and circumstances of the declaration are not very fully presented in the bill of exceptions. We will therefore treat the declaration, as appellant seems to treat it, as having been contemporaneous with the stalling of the train, the contention urged against the ruling being that it related to the overloading of the train, which had previously taken place, and therefore did not relate to an act then being performed by the conductor. In a sense this is true, but the same may be said of many declarations clearly admissible as *res gestae.* It is this that gives them value, causing them to be offered in evidence. Being spontaneous expressions of truth, the declarations attending and forming a part of a transaction made the subject of investigation determine its character by connecting it with some previous act or motive. The objection that the declaration related to and tended to prove the act of overloading the train, which had already taken place, was not therefore itself sufficient to exclude the testimony. The question is, was the declaration so made as to render it a part of the transaction termed the stalling of the train, or was it a mere recitation of the previous act of overloading? We are,of the opinion it was the former. One in charge of a train or other means of conveyance could hardly remain silent when compelled to stop on the way because of his inability to draw the load. His first thought would be, "What is the matter?" He could hardly keep from declaring the cause of the trouble as he understood it. The declaration complained of was therefore presumptively spontaneous. As we have already seen, it was contemporaneous, or at least should be so treated, in support of the ruling complained of.

It was competent to prove the representations made by the livestock agent of appellant, through whom appellees had arranged for the shipments in question, as to the length of time required in shipping cattle from Hazel, Texas, to East St. Louis, Illinois. Besides, this fact was established by another witness. The fourth assignment is consequently overruled.

The evidence warranted the verdict, which leaves nothing else to be considered. Judgment affirmed.·

*Affirmed.*

Writ of error refused.