MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS ET AL.
v. ED RAMSEY.

Decided March 26, 1910.

**1.—Shipment of Cattle—Damages—Charge.**

In a suit for damages to a shipment of cattle the court in one paragraph of its charge instructed the jury as follows: "If you believe from the evidence in this case that plaintiff is entitled to recover you will assess the plaintiff's damages at. the difference between the market value of the cattle, if any, at the National Stock Yards, Illinois, at the time and in the condition they arrived there, and their market value at the time and in the condition they should have arrived there but for the delays en route, if you have found there were any such delays." Held, when considered in connection with other portions of the charge not subject to the objection, that it allowed plaintiff to recover for all injuries suffered by said cattle whether caused by defendant's negligence or not.

**2.—Charge—Ambiguity—Practice.**

Where the defendant plead a shortage of cars owing to an unprecedented demand at the time in question, and the court charged the jury that such condition "would be an excuse for not shipping the cattle promptly," held, if the charge was susceptible of the implication that it was the duty of the defendant to ship the cattle promptly (instead of exercising reasonable care so to do) if there was no shortage of cars, the defendant should have requested a charge correcting such implication.

**3.—Shipment of Cattle—Different Carriers—Liability for Damage—Evidence.**

In a suit against a railroad company for damages to a shipment of cattle, where the testimony of the plaintiff and his witnesses was without conflict to the effect that the line of the defendant extended from Texas to St. Louis, the destination of the cattle, and that the delays complained of occurred between Texas and St. Louis, it was not error for the court to instruct the jury that it was the duty of the defendant to transport the cattle from Texas to St.

Vol. LX Civil—7.

Louis; it could not be said that there was no evidence to show that defendant's line of road extended to St. Louis.

#### 4.—Practice—Incompetent Evidence—Harmless Error.

The admission of incompetent evidence is not cause for reversal where other evidence to the same effect is admitted without objection and without contradiction.

#### 5.—Carriers—Negligent Delay—Declaration of Conductor.

Testimony to the effect that the conductor of a cattle train told the witness in explanation of delays en route that the fireman on the engine was incompetent and that he (the conductor) had wired ahead for another fireman to take his place, was not subject to the objection that it had not been shown that it was in the line of the conductor's duty to make such statement and that the testimony was hearsay.

Appeal from the District Court of Midland County. Tried below before Hon. A. S. Hawkins, Special Judge.

*H. C. Hughes,* for appellant.

*Caldwell & Whitaker,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—The Missouri, Kansas & Texas Railway Company and the Missouri, Kansas & Texas Railway Company of Texas have appealed from a judgment against them in favor of Ed Ramsey for alleged injuries to cattle while being transported from Fort Worth, Texas, to St. Louis over the lines of the two companies.

In one paragraph of the court's charge the jury were instructed as follows: "If you believe from the evidence in this case that plaintiff is entitled to recover you will assess the plaintiff's damages at the difference between the market value of the cattle, if any, at the National Stock Yards, Illinois, at the time and in the condition they arrived there and their market value at the time and in the condition they should have arrived there but for the delays en route, if you have found there were any such delays." . . . Appellants complain that by this portion of the charge the jury were instructed to allow plaintiff a recovery for damages resulting to the cattle for all delays in shipment, whether such delays were due to the defendant's negligence or otherwise. In several other paragraphs of the charge the right of plaintiff to recover was expressly made to depend upon a showing by him that defendants were guilty of negligence in the transportation of the cattle, and the jury were expressly told that the defendants would not be liable for damages resulting from such delays in shipment as were necessary and reasonable under all the attendant circumstances. The beginning of the paragraph of the charge criticised shows that it is to govern in the event only of a finding by the jury that plaintiff was entitled to recover, and when the charge is construed as a whole, as the jury must have done, it is not likely that they interpreted the paragraph quoted as appellants have construed it. Gulf, C. & S. F. Ry. v. Farmer, 102 Texas, 235; Texas & P. Ry. v. Holloway & Rice, 48 Texas Civ. App., 634 (107

S. W., 630) ; Galveston, H. & N. Ry. v. Olds, 112 S. W., 791; Kauff-man & Runge v. Babcock, 67 Texas, 243.

Among other defenses appellant Missouri, Kansas & Texas Railway Company of Texas pleaded a shortage of cars, resulting from an unprecedented demand, as an excuse for its delay in starting the shipment from Fort Worth, and the court instructed the jury that such a condition "would be an excuse for not shipping the cattle promptly." The use of the word "promptly" in that instruction is criticised as implying a duty to ship promptly in the absence of a shortage of cars. The instruction was in defendant's favor and cor-rect so far as it was applicable to the facts. If appellant desired a further instruction more fully presenting its defenses, it should have presented a request therefor.

The jury were instructed that it was the duty of the Missouri, Kansas & Texas Railway Company to transport the cattle from Denison, Texas, to St. Louis, Missouri, and to National Stock Yards, Illinois. Complaining of this instruction, the last named defendant insists that the evidence failed to show that its line of railway ex-tended to the National Stock Yards in Illinois; that the evidence showed that there was at least an hour and a half delay this side of the bridge at St. Louis, but did not show in whose possession the cattle were when this delay occurred. Plaintiff testified that the line of the Missouri, Kansas & Texas Railway extends from Denison, Texas, to St. Louis, and it was shown by other testimony that Na-tional Stock Yards, Illinois, the destination of the cattle, are in East St. Louis. Plaintiff accompanied the shipment and he was the only witness who testified to delays en route and depreciation in market value of the cattle by reason thereof. In his entire testimony he speaks of these delays as occurring between Fort Worth and St. Louis. There was no evidence to show that the stop made "this side of the bridge at St. Louis, Missouri," as testified to by plaintiff was not on the line of the Missouri, Kansas & Texas Railway Company, nor that the company last named did not operate trains to East St. Louis, and in the absence of evidence tending to contradict the wit-ness in his testimony that the damage complained of occurred be-tween Fort Worth and St. Louis, there was no error in the instruction last referred to.

Over defendants' objection, plaintiff introduced in evidence what is termed a "shipping ticket," issued by the Fort Worth Stock Yards Company, for the purpose of showing that prior to 4:50 o'clock p. m. of October 25 the Missouri, Kansas & Texas Railway Company of Texas was notified to start the shipment from Fort Worth; one of plaintiff's contentions being that there was a negligent delay in so starting the cattle on their route to St. Louis. The ticket con-tained a written statement purporting to have been signed by G. C. Schmidt, acknowledging receipt of the order for the cars to be shipped. Defendant objected to the testimony on the ground that it was hear-say and that it had not been shown when the statement was signed by Schmidt, nor that the record was correctly kept. It was shown by undisputed testimony that G. C. Schmidt, who signed the state-ment, was defendant's agent, whose duty is was to receive the ticket;

that he signed it before 4:50 o'clock p. m. on the 25th of October; and if there was error in admitting it in evidence, the error was harmless.

Plaintiff testified to delays occurring in shipment of the cattle between Nevada, Missouri, and St. Louis, and that during a delay which occurred before reaching St. Louis the conductor in charge of the train told witness in effect that the train was then seventy miles from St. Louis, that the fireman on the engine was incompetent, and that the conductor had wired ahead for another fireman to take his place. Defendants objected to the testimony of this declaration by the conductor on the ground that it had not been shown that it was in the line of duty of the conductor to make such a statement and that the testimony was hearsay and inadmissible. There was no error in this ruling and the assignment based thereon is overruled. Missouri, K. & T. Ry. v. Stanfield, 40 Texas Civ. App., 385 (90 S. W., 517); Missouri, K. & T. Ry. v. Russell, 40 Texas Civ. App., 114 (88 S. W., 379); Consumers' Cotton Oil Co. v. Jonte, 36 Texas Civ. App., 18 (80 S. W., 849); Standefer v. Aultman & Taylor Machinery Co., 34 Texas Civ. App., 160 (78 S. W., 552); International & G. N. Ry. v. Lewis, 23 S. W., 323.

We have found no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.