FT. WORTH & D. C. RY. CO. v. MORRISON.

(Court of Civil Appeals of Texas. Texarkana. June 22, 1911. Rehearing Denied Oct. 5, 1911.)

1. DAMAGES (§ 216*)—PERSONAL INJURIES— INSTRUCTIONS.

An instruction that, if the jury found for plaintiff, they should award him such damages as would compensate him for the injury which they found was the direct and natural result of the negligence complained of and no other, and that in estimating his damages the jury should assess such sum as would reasonably compensate plaintiff for physical pain and mental suffering, if any, loss of earnings to the time of the trial, if any, and any such reasonable and necessary expenditures, if any, in and about the cure of his injuries, if any, as the evidence showed he was compelled to incur, etc., and, if the injuries were permanent, then such additional sums as, if paid in advance, would reasonably compensate him for such incapacity to earn a livelihood in the future in the event that his capacity was diminished by reason of permanent injuries, *held* not objectionable as authorizing a double recovery for diminished capacity as to future earnings.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

2. DAMAGES (§ 216*)—PERSONAL INJURIES— AGGRAVATED DISEASE.

An instruction declared that if plaintiff was afflicted with bladder trouble before the accident, and that such affliction was aggravated by the injury, and defendant was liable on account thereof, then the jury should consider the same in estimating plaintiff's damages, if any. *Held*, that it should be construed as authorizing the jury to include in the damages only compensation for the aggravation of the old affliction, and to consider it only for that purpose, and it was therefore unobjectionable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–553; Dec. Dig. § 216.*]

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Action by John E. Morrison against the Ft. Worth & Denver City Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 123 S. W. 621.

Spoonts, Thompson, & Barwise, Taylor, Jones & Humphrey, and Allen & Allen, for appellant. Arnold & Arnold, E. W. Nicholson, and C. K. Bell, for appellee.

HODGES, J. Appellee sued the appellant for damages resulting from personal injuries sustained while a passenger on one of its trains, and recovered a judgment for $4,000.

[1] The first assignment of error complains of the following portions of the court's charge: "If you find for the plaintiff, you will award him such sum as in your judgment will compensate him for the injuries which you find are the direct and natural results of the negligence complained of, and no other. In estimating his damages, you will assess them at such sum as will, in your opinion, reasonably compensate the plaintiff, first, for the physical pain and mental suffering sustained by him, if any was sustained, and, second, for his loss of earnings to the present date, if any; third, for such reasonable and necessary expenditures, if any, in and about the cure of his injuries, if any, as the evidence may show that he has been compelled to incur for the attendance and treatment of physicians and for drugs and medicines; and, fourth, if you find that his injuries, if any, are permanent, then such additional sums as will, paid in advance, reasonably compensate him for such diminished capacity to earn a livelihood in the future in the event that you should find his capacity to earn a livelihood has been diminished by reason of such permanent injuries, if any." The objection to that charge is that it authorizes a double recovery for any diminished capacity as to future earnings. There was evidence tending to show that the plaintiff's injuries were serious and permanent. A charge very similar to this was reviewed and approved in I. & G. N. Ry. Co. v. Tisdale, 39 Tex. Civ. App. 372, 87 S. W. 1063,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

and a writ of error was later refused by the Supreme Court.

[2] The second assignment objects to the following instruction given the jury: "If plaintiff was afflicted with a trouble with his bladder before the accident, and if such affliction of his bladder was aggravated as a result of injuries, if any, received by him in the wreck, and if defendant was liable to plaintiff on account thereof, then you will consider the same in estimating his damages, if any, as instructed in the sixth paragraph of this charge." The particular objection here urged is that this authorizes the jury to consider the prior affliction of the bladder in estimating the plaintiff's damages. Manifestly the jury was authorized to take into consideration the former diseased condition of the plaintiff, but for the purpose of excluding from their estimate of the damages for which the appellant was to be held responsible those injuries which it did not inflict. The charge is intended as instructing the jury to include only such aggravation of the old affliction as they may conclude was caused by the negligence of the appellant. We do not think it was misleading.

The judgment is affirmed.