## T. B. ALLEN & CO. v. SHOOK.

(Court of Civil Appeals of Texas. Austin. Oct. 29, 1913. Rehearing Denied Nov. 26, 1913.)

1. MASTER AND SERVANT (§ 270*)—INJURIES—ADMISSION OF EVIDENCE—KNOWLEDGE OF DEFECTS.

In an action for injuries while working in a stavemill by a knot in a stave being knocked out and striking plaintiff's eye because of the alleged unsteady condition of the machine, evidence that the manager of the mill had stated that the machinery had been in a burned mill, and on that account the wheel at which plaintiff worked was warped, and that he had also been struck with a knot from the machine, was admissible to show that defendant had knowledge of the machinery's defective condition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

2. MASTER AND SERVANT (§ 264*)—INJURIES—ACTIONS—ISSUES.

Under allegations of the complaint, in an action for damages for injuries by a knot in a stave being knocked out and hitting plaintiff in the eye, that the wheel containing the knives was unsteady, and because of such defect the knives failed to cut the knot, but tore it out, and that the disc in which the blades were fastened was defective from being in a fire, evidence was admissible that the wheel was warped; plaintiff not being confined to proof of specific allegations where the general allegations and specific allegations refer to distinct acts of negligence, or where the proof offered is merely explanatory or descriptive of the act alleged.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. § 264.*]

3. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error, in an action for injuries by a knot in a stave being knocked against plaintiff's eye while he was planing it by the alleged unsteady condition of the machine, in admitting evidence that the machine was warped, on the ground that the petition did not sufficiently allege such defects, was not reversible, under Court of Civil Appeals rules No. 62a (149 S. W. x), not being such as would change the result.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

4. WITNESSES (§ 414*)—IMPEACHMENT—CORROBORATION OF WITNESS.

In a prosecution for injuries by a knot in a stave being knocked out and striking plaintiff because of the alleged unsteady condition of the machine, a witness who testified as to its defective condition was asked on cross-examination if he had not stated in writing directly after the injury that the machine was in good condition, and answered that such purported statement was incorporated in the written statement at the suggestion of defendant's manager, but that he did not really make the statement. Held, that plaintiff could testify that he was present when the statement was made, and that such witness did not make the statement referred to.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1287, 1288; Dec. Dig. § 414.*]

5. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

An injured employé was asked by his counsel if he knew who wrote the statement made by a witness for plaintiff immediately after the injury purporting to state that the machine at which plaintiff was working when injured was in good condition, and plaintiff answered, "They told me it was the insurance lawyer;" to which answer defendant objected on the ground that it showed that an insurance company was connected with the transaction, when plaintiff's attorney asked that the answer be stricken, and that the jury be instructed not to consider it, which was done by the court. Held that, since it did not appear whom the insurance lawyer represented, and in view of the action of the court, it could not be said that defendant was prejudiced by the answer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

6. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST.

A special charge which was covered by the general and special charges given was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

7. TRIAL (§ 253*)—INJURIES—INSTRUCTIONS—APPLICABILITY TO EVIDENCE—ASSUMED RISK.

An instruction, in an action for injuries to an employé 18 years of age from an alleged defective machine, that, if plaintiff knew of the defective condition and of the incidental dangers, or would necessarily have known thereof in the course of his employment, he assumed the risk of such defects was properly refused for ignoring plaintiff's age, want of discretion, and defendant's failure to warn him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

8. MASTER AND SERVANT (§ 235*)—SERVANT'S DUTY—INSPECTION OF MACHINERY.

It is not the duty of a servant to inspect machinery for defects; the master being required to furnish reasonably safe machinery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 710–722; Dec. Dig. § 235.*]

9. MASTER AND SERVANT (§ 295*)—INJURIES—JURY QUESTION—ASSUMED RISK.

In an action for damages for injuries while working in a stavemill by a knot being jerked out and thrown against plaintiff's eye because of the unsteady condition of the machine, etc., whether, in view of his want of discretion, and of the failure to warn him of the danger, plaintiff assumed the risk therefrom held an issue under the evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. § 295.*]

Appeal from District Court, Liberty County; L. B. Hightower, Judge.

Action by Dick Shook against T. B. Allen & Co. From a judgment for plaintiff, defendant appeals. Affirmed.

Crook, Lord, Lawhon & Ney, of Beaumont, for appellant. J. A. Camp and E. B. Pickett, Jr., both of Liberty, for appellee.

RICE, J. Appellee brought this action against appellant to recover damages for the loss of his left eye, which was injured while at work at the mill of appellant, a corporation engaged in the manufacture of staves, by reason of the negligence of appellant in using a defective lister wheel in the stavemill, alleging that said wheel was defective in that the shaft which supported it was

bent and sprung, so that the wheel became unsteady and would shake and wobble as it worked, while, if it had been properly placed and constructed, it would have run smoothly, and that by reason of this defect the knives or blades thereof failed to cut a knot or some hard particle embedded in the wood, and instead of cutting the same the knot was torn from the stave, and thrown into the air, striking plaintiff in the eye. He further alleged that the disc, into which the blades that cut the staves were fastened, was worn and defective from long use, and from having been through a fire, and that all of the machinery connected therewith was not in proper condition to perform the work; that the plaintiff was a minor, 19 years of age, and was not warned by appellant of the defects in said machinery, nor did he know of such defects; and that he was without judgment and discretion to appreciate the risks or dangers to which he was exposed.

The appellant pleaded a general denial, and specially that the wheel in question is a device made and designed for the purpose of planing and smoothing the edges of the staves, and removing therefrom any knots or other hard particles of wood, having sharp knives or blades fixed in the surface of the disc thereof, so that the staves to be dressed may be brought into contact with such blades or knives, which revolve rapidly when in operation, so that when they revolve they strike the stave, which is brought in contact therewith, thereby removing any knots or other particles of wood, making the edges thereof smooth, and which is the only purpose of its use; that in the operation of same small knots or particles of wood may be, and necessarily will be, sometimes thrown from the stave being dressed, and from the blades or knives as same are cut and removed by the application of the blades in their revolutions, and that such occurrence would be one naturally incident to the operation of said machine in the performance of its work; that the plaintiff was acquainted with the character, use, and purpose of said machine and the parts thereof, and was experienced in the use thereof, knowing the effects that might be expected in the operation of the same, and that knots and particles of wood might be thrown from the staves while being dressed; and that, if a knot or particle was so thrown as alleged by plaintiff, it was the result of a risk ordinarily incident to the operation of the machine about which the plaintiff worked and the business and employment in which he was engaged; and that he thereby assumed such risk. And further alleged that, if there were any defects in the machinery, as complained of, he was also cognizant thereof, and assumed the risks incident thereto. The trial resulted in a judgment in favor of the plaintiff, from which the defendant has appealed.

It seems from the evidence that appellee was engaged at the time of the accident in "tailing the bucker," by which is meant that he was handing the staves as they came from the "bucker," a device through which they passed before going to the lister wheel, in order to reduce them to proper and uniform size, and placing them on the lister table, preparatory to being dressed by the lister wheel, and while so engaged a knot flew from one of the staves, striking him in the eye, resulting in the injury complained of.

The first assignment is predicated upon the refusal of the court to instruct a verdict in behalf of appellant on the ground that the proof wholly failed to show that appellee's injury was the proximate result of the negligence alleged, but, on the contrary, would have happened irrespective thereof; and the second, that, since the evidence showed that plaintiff had assumed the risk it was the duty of the court to have instructed a verdict in its favor. We differ with appellant in this contention. Both were questions of fact for the consideration of the jury, and, as such, the issues arising thereon were properly submitted to them by the court.

[1] There was no error in permitting the appellee to show by himself and his witness Taylor that Cook, the manager of the mill, had stated that the machinery in question had been in a mill that had burned down, and that on account thereof the wheel was warped. Nor was there any error in permitting the witness Taylor to state what Cook had said about his having been struck with a knot or splinter that was thrown from said machine, for which reason we overrule the third and fifth assignments. Appellant was a coporation, and Cook was its manager. This evidence had a tendency, not only to show the condition of the machinery, but likewise brought home to it a knowledge of its defective condition, and was therefore properly admitted. M., K. & T. Ry. Co. v. Russell, 40 Tex. Civ. App. 114, 88 S. W. 380; Consumers' Cotton Oil Co. v. Jonte, 36 Tex. Civ. App. 18, 80 S. W. 849; M. P. Ry. Co. v. Johnson, 72 Tex. 95, 10 S. W. 325; Standefer v. Aultman, 34 Tex. Civ. App. 160, 78 S. W. 552; Missouri, etc., Co. v. Ramsey, 128 S. W. 1184.

[2, 3] The court did not err in permitting the witness Richardson to testify that the lister wheel was warped, the objection being that there was no allegation in the pleading authorizing this testimony, for the reason that the plaintiff will not be confined to specific allegations, when it appears from the pleadings that the general averments and the specific allegations referred to separate and distinct acts of negligence, nor when the matter is merely explanatory or descriptive of the particular matter alleged. Railway v. Brinker, 68 Tex. 500, 3 S. W. 99; Lantry-Sharpe Contracting Co. v. McCracken, 53 Tex. Civ. App. 627, 117 S. W. 458, and cases there cited. Even if it be conceded that this was technical error, yet it would not be such, in our judgment, as would change the result

upon another trial, for which reason the assignment presenting this question is overruled. See rule 62a (149 S. W. x) for the government of this court.

[4] Richardson, a witness for plaintiff, having testified on the trial as to the defective condition of the lister wheel at the time the accident occurred, on cross-examination was asked by counsel for appellant if he had not made a written statement directly after the occurrence in which he had stated that the wheel was in good condition, but answered that, while this statement was incorporated in the written statement referred to, yet he did not make said statement, but that the same was incorporated therein at the suggestion of Mr. Cook, the manager. The sixth assignment urges that the court erred in permitting the plaintiff as a witness to testify, over objection, that he was present at the time the statement was made, and to corroborate Richardson in this regard. We do not think there was any error in the admission of this testimony. This was an effort on the part of appellant to attack or impeach the testimony of Richardson. Appellee had the right to show, not only by Richardson, but by anybody else who was cognizant of the fact, that Richardson did not make the particular statement referred to. We therefore overrule this assignment. Smith v. Traders' Nat. Bank, 82 Tex. 368, 17 S. W. 779; 40 Cyc. 2754 C.

[5] While plaintiff was on the stand he was asked by his counsel if he knew who wrote the statement made by Richardson, referred to in the preceding assignment. Answering, he said, "They told me it was the insurance lawyer." This was objected to by counsel for appellant on the ground that it was irrelevant to any issue in the case, and calculated to prejudice the minds of the jury against the defendant, for the reason that it disclosed that the insurance company had some connection or interest in the matter involved in the action. Whereupon plaintiff's attorney asked that it be stricken out, and stated that he did not ask for the answer given, and that he did not insist on the answer, and did not have that purpose in view, or any similar purpose, when he asked the question; that he merely asked for the man's name, and now asked the court to strike it out of the record, and instruct the jury not to consider it, which was done by the court. Plaintiff's attorney then asked this question: "Simply state, if you know, the name of the man who wrote down Ed Richardson's statement." The bill does not show any further answer by the witness, and no further action was taken by the court with reference to the matter. This is made the basis of the seventh assignment, and the cases of Lone Star Brewing Co. v. Voith, 84 S. W. 1100, Harry Bros. v. Brady, 86 S. W. 616, and Beaumont Traction Co. v. Dilworth, 94 S. W. 352, are relied upon to sustain the contention. These and other cases were reviewed by us in Levinski v. Cooper, 142 S. W. 959; but we do not regard the question here presented as coming within the doctrine therein announced, for the reason that it does not appear in this case that the appellant was in any way injured, or could have been in any way prejudiced, by what took place as shown in the bill. In the first place, the question asked was not objectionable, and, second, the answer was not responsive to the question. It does not appear whom this insurance lawyer represented. For aught we know, he may have represented a life, fire, or other such insurance company. At any rate, it is not shown or suggested that he represented an indemnity insurance company, who would hold the appellant harmless against the result of this prosecution. In each of the cases referred to, sufficient was done and said to impress the jury with the idea that the particular defendant in those cases had indemnity insurance, and would not have to bear the loss. This case is therefore clearly distinguishable from each of them, for which reason we overrule this assignment.

[6] Appellant requested and the court refused to give the following special charge: "While the employé or servant does not assume any risk or danger caused by the negligence of his employer or master, unless he knows of such negligence, and understands the dangers thereof, the employé or servant does not assume the risks and dangers which are incident to the work in which he is engaged, as the same is ordinarily conducted, and he cannot recover damages for injuries occasioned thereby. Now, if you believe from the evidence that, in the ordinary and usual course of dressing staves with the machine in question, knots or other hard particles of wood might be expected to and would sometimes fly off from the same, and that plaintiff knew that and the dangers thereof, and you further believe that, while said machine was being operated in the usual and ordinary manner, and while said machine was in its usual and ordinary condition, a knot or other hard particle of wood flew off, and struck the plaintiff, and injured him, then the plaintiff cannot recover damages against the defendant, because the plaintiff under his employment assumed the risk of such an occurrence and injury"— and its refusal is assigned as error. This charge, in our judgment, was properly refused, because it was incorporated in the general and special charges given by the court. H. & T. C. Ry. Co. v. Cluck, 99 Tex. 130, 87 S. W. 817; I. & G. N. R. R. Co. v. Tisdale, 39 Tex. Civ. App. 372, 87 S. W. 1063; 38 Cyc. 1711 E.

[7] It is urged that the court erred in refusing to give to the jury defendant's special charge No. 8, which is as follows: "If you believe from the evidence that the machin-

ery was defective as alleged by plaintiff, and that the lister wheel ran unsteadily and wobbled, and that on account of such defective condition and operation a knot or hard particle of wood was caused to fly off and strike the plaintiff, but you further find and believe from the evidence that the plaintiff knew of such defective condition and operation of the machinery, and of the dangers incident thereto, or would necessarily have known thereof in the course of his employment, then the plaintiff assumed the risks of such defects and dangers, and cannot recover damages against the defendant, and your verdict must be for the defendant." For the reason that this charge ignores and excludes the issue of plaintiff's minority, want of discretion, and appellant's failure to warn him of the danger, which feature was fully covered in the general charge of the court, we think it was properly refused, for the facts show that appellee, at the time of the injury, was a youth, some 18 years of age, without any previous experience in operating machinery of this character. He testified that he was employed as a roustabout, and, while he had occasionally worked at the "bucker," the lister wheel, and a few times had run the engine, yet he stated that he did not know that there was any danger in the operation of such machinery, and that he had not been warned by the manager or any one else of any danger.

[8] It is not the duty of the servant to inspect machinery for defects, but that of the master to furnish reasonably safe machinery, tools, and appliances to his employés with which to perform their work. The court in its main charge expressly told the jury that, if they should believe from the evidence that the plaintiff knew, or in the course of his employment should have learned, of the dangers (if any) to which he was exposed in performing the service at which he was working when injured, and appreciated the risk of these dangers, then he assumed the risk, and could not recover. But they were further told that, if they should believe from the evidence that he was a minor of immature judgment, and without mature consideration, and was not warned by the defendant of the dangers attendant upon the work he was doing, and, further, that by reason of such immaturity of judgment, and lack of discretion, and want of information as to the risks attaching to the dangers about the employment he was engaged in, and was without sufficient discretion to understand and appreciate the extent of the hazard to which he was subjected, then he did not assume the risk and dangers incident to the work, and in such event a recovery by him could not be prevented because of any assumed risk. See T. & P. Ry. Co. v. Brick, 83 Tex. 598, 20 S. W. 511; Henry et al. v. McCown, 140 S. W. 1170.

[9] Without going into detail, suffice it to say we think the facts in evidence were sufficient to demand of the court the submission of that feature of the charge complained of under the tenth assignment, which has already been adverted to and outlined, and we therefore overrule said assignment, which insists that the evidence did not raise the issue as to the minority of the plaintiff, his want of discretion, and lack of warning.

Finding no error in the proceedings of the trial court, its judgment is affirmed.