NO. 07-04-0104-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 22, 2005

_____

WILLIAM VERNELL DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 48,278-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, William Vernell Davis, appeals his conviction for evading arrest with a motor vehicle, with an affirmative finding of use of a deadly weapon, enhanced by two final convictions, and his jury-assessed sentence of 10 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

On December 2, 2003, a police officer saw appellant driving his vehicle. The officer recognized appellant and knew that there was an outstanding warrant for appellant's arrest. Appellant saw the officer and sped off. The officer activated his lights and siren and pursued appellant through a residential neighborhood. The vehicular pursuit ended in front of appellant's residence, which was immediately across the street from Travis Middle School. Appellant then fled on foot, but was later apprehended by police.

Appellant was tried for evading arrest with a motor vehicle. After both parties had rested and closed, juror McKissack advised the trial court and the parties that she was a teacher at Travis Middle School and had observed appellant's vehicle pulling in front of the house and the police arriving shortly thereafter. Appellant moved for a mistrial based on McKissack being disqualified from jury service as a witness to the incident. The trial court denied appellant's motion. The jury subsequently convicted appellant and he now appeals.

Appellant brings two issues before the court. First, appellant contends that the trial court erred in denying his request for a mistrial after it was discovered that a juror had witnessed a part of the events resulting in appellant's indictment. Second, appellant contends that the evidence was legally insufficient to support a finding that appellant used or exhibited a deadly weapon.

Appellant's first issue addresses the refusal of the trial court to grant a mistrial after learning that juror McKissack had personally observed part of the incident for which appellant was being tried. A refusal to grant a mistrial is reviewed under an abuse of discretion standard. Trevino v. State, 991 S.W.2d 849, 851 (Tex.Crim.App. 1999). So long

2

as the challenged ruling of the trial court is within the zone of reasonable disagreement, an abuse of discretion is not shown. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). Mistrial is appropriate only for "highly prejudicial and incurable errors." Wood v. State, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000). It may be used to end trial proceedings when error is so prejudicial that "expenditure of further time and expense would be wasteful and futile." Id. The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). In examining the particular facts of this case, we must first determine whether retaining juror McKissack on the jury was error.

Appellant cites the court to Texas Government Code section 62.105(1) which provides, *inter alia*, "A person is disqualified to serve as a petit juror in a particular case if he: (1) is a witness in the case; . . . ." TEX. GOV'T CODE ANN. § 62.105(1) (Vernon 2004). Case law has identified certain instances in which a "witness" is not disqualified from jury service. See E. Line & Red River R. Co. v. Brinker, 68 Tex. 500, 3 S.W. 99, 100 (1886) (subpoenaed witness that did not testify was not disqualified from serving on jury); Hardin v. State, 40 Tex.Crim. 208, 49 S.W. 607, 610 (1899) (witnesses on application for change of venue, in criminal case, were not disqualified from serving on jury). However, in Nelson v. State, 58 S.W. 107, 108 (Tex.Crim.App. 1900), a juror who was at the scene of the crime shortly after it occurred and who was familiar with the facts of the case was disqualified from serving on the jury. Comparing these cases, it appears that a juror's knowledge of facts of a case disqualifies the juror from service in that case.

Appellant likens a juror who witnessed events leading to the prosecution to a juror who has a bias or prejudice for or against a party or the law a party is entitled to rely upon, which would result in a disqualification as a matter of law. TEX. GOV'T CODE ANN. § 62.105(4) (Vernon 2004). However, appellant fails to demonstrate how a juror who witnesses events leading to the prosecution would have a bias or prejudice such that the juror would be disqualified as a matter of law. Therefore, we conclude this argument is not helpful in analyzing the issue before us.

The State refers the court to Texas Code of Criminal Procedure article 35.16(a)(6) and contends that "witness" does not include a person in the position of juror McKissack. TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(6) (Vernon 2004). The State cites Wyle v. State, 777 S.W.2d 709 (Tex.Crim.App. 1989), for the proposition that a prospective juror is not disqualified because they are a "witness" unless they have extensive knowledge of the underlying facts of the case on trial. While we acknowledge that the prospective juror in Wyle had more knowledge of the facts than juror McKissack, the Court held, "In other words, 'witness' as used in Art. 35.16(a)(6) includes one who has personal knowledge of facts of the case." Id. at 712. Further, in State v. Thornton, 187 Ariz. 325, 929 P.2d 676, 680-81 (1996), the Arizona Supreme Court, after citing Wyle, concluded that a statute similar to article 35.16(a)(6) of the Texas Code of Criminal Procedure was designed to prevent persons with personal knowledge of a crime from sitting in judgment of the accused. Such "witnesses" are disqualified because they are likely to decide a case based on what they personally saw or heard rather than on what they see and hear in court. Id. at 681. We believe that disqualification of a juror with personal knowledge of facts of the

4

case is necessary to protect the parties' right to a fair and impartial jury. Accordingly, we hold that the term "witness," as used in section 62.105 of the Texas Government Code and article 35.16(a)(6) of the Texas Code of Criminal Procedure, includes a person with personal knowledge of facts of the case.

In the present case, we conclude that McKissack's having witnessed appellant flee from police constitutes personal knowledge of facts of the case that disqualified her from serving on the jury and the trial court's failure to excuse her from the jury constituted an abuse of discretion.

However, we must next determine whether this error is subject to harmless error analysis. Error defined as structural error by the U. S. Supreme Court does not require proof of harm. Cain v. State, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). However, seating a disqualified juror is not among the structural errors identified by the Court as being immune from harmless error analysis. See Johnson v. United States, 520 U.S. 461, 468-69, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Neither is this error a constitutional error within the meaning of Texas Rule of Appellate Procedure 44.2(a).[1] Jones v. State, 982 S.W.2d 386, 390-91 (Tex.Crim.App.1998). Thus, we are required, pursuant to rule 44.2(b), to determine if the error affected a substantial right of the appellant. Llamas v. State, 12 S.W.3d 469, 470 (Tex.Crim.App. 2000). A substantial right is affected when the error had a substantial or injurious effect or influence in determining the jury's verdict. Id. To determine whether such harm occurred, everything in the record must be considered,

---

[1] Further references to the Texas Rules of Appellate Procedure will be to "rule ___".

including all the evidence admitted at trial, the closing arguments, and the juror's comments during voir dire. Id. at 471.

In the present case, there was no discussion of the facts of the case during voir dire. Juror McKissack was questioned one time by the State's attorney on matters not involved in this appeal. During the State's case-in-chief, the evidence consisted of the testimony of the officer who chased appellant and the detective who took a statement from appellant, wherein appellant admitted committing the offense of evading. The appellant called no witnesses during the guilt-innocence phase. After both sides had rested and closed, juror McKissack informed the court that she had seen some of the events involved in the case. McKissack was questioned by the court and both parties. McKissack advised that she saw only the very end of the incident, knew something was going on but did not know what until the State's opening statement reminded her of the incident in front of the school. McKissack stated that she believed that she could make her decision based only on the evidence she had heard in court. Viewing all of the evidence contained in the record, we conclude that the evidence establishing appellant's guilt for the underlying charge of evading arrest with a motor vehicle was substantial. Accordingly, under the analysis mandated by rule 44.2(b), we conclude that the error in retaining the juror did not influence the jury or had a very slight effect on its verdict. Johnson v. State, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998). Therefore, the error was harmless. Inasmuch as the error in keeping juror McKissack is deemed harmless, the refusal to grant a mistrial based on the retention of the juror was not so prejudicial that "expenditure of further time and expense

6

would be wasteful and futile." Wood, 18 S.W.3d at 648. Appellant's first issue is therefore overruled.

Appellant's second issue contends that the evidence was legally insufficient to sustain a finding that he used or exhibited a deadly weapon. An attack on the legal sufficiency of the evidence requires us to review all the evidence in a light most favorable to the jury's verdict. Cates v. State, 102 S.W.3d 735, 738 (Tex.Crim.App. 2003) (citing Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Upon reviewing the evidence, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. The evidence is measured against a hypothetically correct charge. Gollihar v. State, 46 S.W.3d 243, 255-56 (Tex.Crim.App. 2001).

To sustain a deadly weapon finding, the evidence must show that the object in question meets the requirement of a deadly weapon, see TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 2003); the deadly weapon was used during the transaction from which the conviction was obtained, see Ex parte Jones, 957 S.W.2d 849, 851 (Tex.Crim.App. 1997); and that other people were put in actual danger, Cates, 102 S.W.3d at 738. A motor vehicle may become a deadly weapon if used in a manner capable of causing death or serious bodily injury. Ex parte McKithan, 838 S.W.2d 560, 561 (Tex.Crim.App. 1992).

Appellant contends that the evidence does not support the jury's finding that he used his motor vehicle as a deadly weapon because there was no direct testimony that

anyone was placed in actual danger by appellant's operation of the vehicle. According to appellant, evidence must be presented that he caused actual danger to the public rather than merely posing some hypothetical threat of danger. Cates, 102 S.W.3d at 738. In addressing the legal sufficiency of the evidence necessary to support a deadly weapon finding, the Court of Criminal Appeals held, in Drichas v. State, No. PD-1915-04, 2005 WL 2660161, at *3 (Tex.Crim.App. Oct. 19, 2005), that the manner that the vehicle in question was used proved more than just a hypothetical danger, even though the testimony was only that there was "some traffic" on the road at the time of the occurrence.

The record reveals that, while evading arrest, appellant ignored a stop sign and drove through an intersection without stopping, drove through a residential area at speeds up to 60 miles per hour, and continuously ignored the emergency lights on the patrol car behind him. This record shows that, by the manner of its use, appellant's vehicle was capable of causing death or serious bodily injury. We find that, when this evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could find that appellant used his vehicle as a deadly weapon beyond a reasonable doubt. Therefore, appellant's second issue is overruled.

Having overruled appellant's issues, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.

8