## No. 2447.

### F. Ratigan *v.* R. E. Holloway.

1. JURISDICTION.—The amount claimed in a petition determines the question of jurisdiction, in so far as the amount in controversy affects the question, unless it shall appear that the averments regarding the amount were designed to work a fraud upon the jurisdiction.

APPEAL from Fayette. Tried below before the Hon. H. Teichmueller.

*Robson & Rosenthal,* for the appellant.

*Brown & Dunn,* for appellee.

WILLIE, CHIEF JUSTICE. The appellee brought this suit to recover of the appellant the sum of five hundred and five dollars and eighty-nine cents, balance alleged to be due the former for money paid for the benefit of the appellant, after deducting certain credits to which the petition admitted the appellant was entitled. Judgment by default was rendered for the plaintiff be-

low for the sum of five hundred and twenty-six dollars and thirty cents. Subsequently the defendant moved to set aside this judgment, alleging excuses for his failure to appear and plead to the cause, and further, that he was entitled to other credits besides those admitted in the petition. The court having intimated that it would grant the motion, the plaintiff remitted all the amounts claimed as credits by the defendant, and took judgment for the balance, and the motion was overruled. He also moved to dismiss the cause because the remittitur, taken in connection with the pleadings and motion for new trial, showed that the court had no jurisdiction of the subject matter of the suit. The refusal of the court to grant this motion is the subject of the only assignment of error relied on in this court.

Had the credits claimed in the motion for a new trial been allowed in the petition, the amount sued for would have been insufficient to give the court jurisdiction of the cause. But the sum claimed in the petition was over five hundred dollars, and upon its face the court had jurisdiction. Under our decisions the amount claimed in the petition determines the jurisdiction, and that question is concluded by its averments, unless it otherwise appears that an attempt has been made, through improper averments, to give the court cognizance of a cause which it is not authorized to adjudicate. (Dwyer v. Bassett, 63 Texas, 274; Tidball v. Eichoff, 66 Texas, 58.)

There is no allegation in either of the motions filed by the appellant that any fraud upon the jurisdiction of the district court was attempted in this case. It is merely alleged that the plaintiff knew the facts set forth in the motion for a new trial at and before the time he recovered the judgment for five hundred and twenty-six dollars and thirty cents. This may have been true, and yet the plaintiff may not have been aware of the credits at the time of commencing the suit. Some of them did not accrue until after the suit was brought, according to defendant's own showing. There is no averment that the eight dollar payment was made before suit brought, or that the plaintiff knew at that time that the account for which he credited defendant in the sum of ten dollars amounted to seventeen dollars and forty cents. As to the accepted order for sixty-one dollars and eighty cents, there is no allegation that it was received as a payment pro tanto upon the debt sued on. For aught that appears from the record, this acceptance may have been taken as a collateral or with the understanding that when paid the amount should be

credited upon the appellant's indebtedness. If so, the plaintiff was not bound to give the credit until the acceptance was paid, and was authorized to bring suit for the full amount of his demand without reference to the draft. If, on the other hand, the defendant was entitled to have it credited, it was subject matter for his pleadings in defense.

As the status of the indebtedness at the time of the commencement of the suit, and not at the date of the judgment, determines the jurisdiction of the court, and there is nothing in the record to show that at the former date it was less than five hundred dollars, and that the plaintiff intended a fraud upon the jurisdiction of the court by suing for more than that amount, we think the motion to dismiss was properly overruled.

The entry of a remittitur for the amount of the credits claimed by the appellant does not show that he was entitled to them at the commencement of the suit, and that this fact was known to the appellee. The latter may have been willing to admit that at the date of the judgment, or of the remittitur, the appellant was entitled to them, though not so entitled at the commencement of the suit, or he may have made the entry merely to avoid the delay, expense and trouble of another trial.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered January 10, 1888.