JOE N. GREEN ET AL. V. SCOTTISH-AMERICAN MORTGAGE COMPANY, LIMITED, ET AL.

Decided February 16, 1898.

**1. Jurisdiction—Vendor's Lien—Collateral Security.**

A suit upon a note for less than $500 was within the jurisdiction of the district court where the same action sought foreclosure of a vendor's lien securing notes of other parties assigned to plaintiff as collateral security.

**2. Same—Misjoinder of Parties—Waiver.**

Objection that the makers of the notes held as collateral were improperly joined as defendants in the suit against the obligors on the principal note should have been taken in the trial court, and, where not so raised, can not be urged on appeal to defeat the jurisdiction of the district court which depended upon the foreclosure of the lien for such collateral notes.

**3. Pleading—Application of Payments—Coupon Interest Notes.**

See pleading held to allege that proceeds of collateral security were paid and received upon the note held for the principal debt, and not applied to coupon notes due for the semi-annual interest, for the nonpayment of which the holder was authorized to declare the entire debt due.

**4. Appeal—Collateral Security—Question Not Raised.**

The makers of a note sued upon, with whom plaintiff has joined as defendants the makers of other notes assigned to him as collateral, can not object, upon appeal, that plaintiff has sought and recovered judgment upon the collateral notes, not for their full amount, but merely for the sum due on the note that they were held to secure, where they made no objection to such proceeding in the trial court.

ERROR from McLennan. Tried below before Hon. SAM R. SCOTT.

*William W. Evans*, for plaintiffs in error.

*Baker & Ross*, for defendant in error.

KEY, ASSOCIATE JUSTICE.—The Scottish-American Mortgage Company, Limited, brought this suit in the District Court of McLennan County against J. N. Green, Mary E. Green, Ed. D. Ennis, C. A. Rose, James B. Baker, John Baade, and A. R. Brelsford, to recover $225.71 principal, and interest due thereon, and to foreclose a lien on certain real estate. None of the defendants answered, and judgment by default was rendered against J. N. Green and A. R. Brelsford for $325.28, and foreclosing the lien on the real estate as against all the defendants. The defendants J. N. Green and Mary E. Green have brought the case to this court by writ of error.

Among others, the plaintiff's petition contains the following averments: "That heretofore, to wit, on the first day of March, 1894, the defendant A. R. Brelsford executed and delivered to his codefendants Joe N. Green and Mary E. Green, for a valuable consideration, his two certain promissory notes, dated Waco, Texas, March 1, 1894, for the sum of one thousand ($1000) dollars each. The first note, by the terms thereof, was payable three years after date, to the order of Joe N. Green and Mary E. Green, at Waco, Texas, with interest thereon from

date until paid at the rate of 10 per cent per annum, payable semi-annually as it accrues; and the second note, by the terms thereof, is payable four years after date to the order of Joe N. Green and Mary E. Green, at Waco, Texas, with interest thereon from date until paid at the rate of 10 per cent per annum, interest payable semi-annually as it accrues. That said two notes were given for a part of the purchase money of a certain lot, situated in the city of Waco, county of Mc-Lennan, State of Texas, described as follows, to wit: 65 by 100 feet, off the N. end of lots 8 and 9 in block 27, Waco, Texas; beginning at the intersection of alley and E. line of Fifth Street, at corner lot 8, block 27; thence along Fifth Street, S. 45 E. 65 feet; thence N. 45 E. 100 feet to corner; thence N. 45 W. 65 feet to corner of alley; thence along the same S. 45 W. 100 feet to beginning. The said above described land or lot was heretofore, to wit, on the first day of March, 1894, conveyed by Joe N. Green and wife Mary E. Green to the defendant, A. R. Brelsford, by their deed of writing of that date, in consideration among other things of the notes herein above described, and that in said deed of conveyance a lien was reserved therein to secure the payment of said notes. Plaintiff says that said notes contain the following stipulations and agreements, to wit: It is understood and agreed that failure to pay this note or any installment of interest thereon when due shall, at the election of the holder thereof, or any of them, mature all the notes this day given by me, A. R. Brelsford, to said Joe N. Green and Mary E. Green in the payment for said property. And said notes contain the further stipulation and agreement, that if the same are placed in the hands of an attorney for collection or if collected by suit, the maker thereof agrees to pay 10 per cent additional on the principal and interest then due as attorney's fees.

"Plaintiff says that on, to wit, the first day of March, 1894, the date of the execution of the said notes, the said Joe N. Green and Mary E. Green, for valuable consideration, transferred and assigned said notes to plaintiff by indorsing thereon their names in blank; whereby plaintiff became the owner and holder of said notes, and is now the owner and holder of them.

"Plaintiff says further that on, to wit, the first day of March, 1894, the said Joe N. Green and Mary E. Green conveyed and transferred to plaintiff their whole remaining right and interest as vendors in the land above described which they had on said last named day conveyed to the defendant, A. R. Brelsford, meaning thereby to convey to plaintiff their paramount title as vendors to said property; whereby plaintiff became the owner of said paramount equitable title.

"Plaintiff further says, that on the first day of March, 1894, the defendants Joe N. Green and Mary E. Green, his wife, borrowed of plaintiff one thousand ($1000) dollars, and in consideration thereof, they executed and delivered to plaintiff a principal note for said $1000 payable to the order of plaintiff on the first day of March, 1898, at the First National Bank, Waco, Texas, with exchange on New York,

for one thousand dollars in United States gold coin, with interest thereon from date until paid at the rate of 10 per cent per annum, payable half-yearly on the first day of March and September of each year, according to the tenor of eight interest coupon notes, bearing even date with said principal note attached to the same and numbered from one to eight inclusive. Said coupon notes bear interest at the rate of 10 per cent per annum after maturity, with 10 per cent of the whole amount unpaid on said principal note and coupons for attorney's fees, besides the court costs, if the holder of said notes has to raise suits or go into probate or other court in respect of the same or of the property securing it. Plaintiff further says that [on] the date of the execution of said last named principal note, the defendants Joe N. Green and Mary E. Green executed said eight interest coupon notes for fifty (50) dollars each, payable as specified aforesaid, respectively on the first day of March and the first day of September of each year until all eight of said coupons have been paid. Plaintiff says that each coupon note that was executed by said Joe N. Green and wife Mary Green and delivered to plaintiff is payable in United States gold coin at Waco, Texas, and provides for 10 per cent attorney's fees, besides court costs, if placed in suit for collection.

"Plaintiff further says that the makers of said last named principal and coupon notes had the building on said above described premises insured for the benefit of plaintiff, as its interest might appear, and that said buildings were destroyed by fire, and that on, to wit, November 25, 1895, plaintiff received on account of said principal note the sum of seven hundred and forty-four (744) and twenty-nine (29) cents, leaving a balance due on the same of two hundred and fifty-five (255) dollars and twenty-one cents, as of November 25, 1895; all of which is shown by indorsement on the back of the principal note.

"Plaintiff further says that all the interest coupons were paid up to number four, which made the interest paid on said principal note up to the first day of September, 1895; that by reason of the reduction in the amount of said principal note, by the payment of said insurance money, each interest coupon note is credited by a sufficient amount of money to reduce them to twelve (12) dollars and seventy-eight (78) cents each, instead of fifty dollars, as originally written.

"Plaintiff further says that by the stipulations of said principal note, it is expressly agreed by the makers thereof, that in case of default in payment of any of the said coupons for the space of five days after the same shall become due and payable, or in case of failure to comply with any of the agreements and conditions set forth in the annexed contract and the vendor's lien given to secure this note, which said contract and lien are hereby made a part of this contract—then in such case, the principal sum expressed in this note, with all accrued interest, shall, at the election of the legal holder or holders thereof, at once become due and payable, without notice, and may be collected with all legal assessments, delinquent taxes, or premiums of insurance on the property conveyed

as security for the aforesaid debt, together with all costs and attorney's fees, in the manner and form set forth in said contract and lien.

"Plaintiff further says it is the owner and holder of said principal note and said interest coupon notes.

"Plaintiff further says that the two one thousand dollar notes aforesaid, drawn by the defendant A. R. Brelsford, are owned and held by it as collateral security for the payment of said principal note and interest coupons above described; that all it claims to be due by reason of said two thousand dollar collateral notes and said principal note and said interest coupon notes, is the sum of two hundred and fifty-five (255) dollars and seventy-one(71) cents, the balance due on said principal note, with interest due at the rate of 10 per cent per annum from the first day of September, 1895, as above set out and as above shown, together with 10 per cent on the whole for attorney's fees, and all costs of court.

"Plaintiff says that, except as hereinbefore stated, the defendants, though often requested, have never paid said notes or any part thereof, but the same are still unpaid and due; that they have long since and now declare said two notes of one thousand dollars each due, according to the stipulations and agreements therein, and said principal note and interest coupons due.

"Plaintiff further says that it has become necessary to place said notes in the hands of their attorney for collection, by reason of the failure of said defendant to pay the same, and that they have promised their attorney 10 per cent on the amount according to the stipulations contained in said note for attorney's fees. Wherefore, it says that defendants Brelsford and Green and wife are indebted in the further sum of 10 per cent on the amount of the principal and interest as attorney's fees. Plaintiff says that it is the owner and holder of all of the said notes.

"Plaintiff further says that defendants E. D. Ennis, C. A. Rose, James B. Baker, and John Baade are setting up a claim to said property, by reason of some liens created subsequent to the vendor's lien under which plaintiff claims. Plaintiff says that any lien that any of the said last named defendants may claim against the said property is subsequent and subordinate to the rights of plaintiff's lien, which is the paramount lien, and is entitled to be satisfied first out of said property.

"Plaintiff says that it is willing and here offers to remit all interest due on said debt, according to said contract, that shall not have been earned up to the date of judgment rendered herein; that it only claims and demands, by reason of this suit, the principal and interest of its debt as aforesaid, up to and including the date of the collection of the same; that it brings all said notes into court, to be disposed of as the court in its judgment may determine.

"Wherefore, plaintiff prays that all the defendants be cited to answer this petition; that on final hearing hereof it have judgment for its debt, interest, attorney's fees, and costs of suit, and for the foreclosure of its lien on the above described premises, and that they be decreed to be sold

according to law, and that said foreclosure of said lien be against all the defendants named in this petition.

"Plaintiff prays for all special and general relief to which it may be found entitled on the trial of this cause."

Inasmuch as the petition shows that there was less than $500 due on the note executed by J. N. Green and Mary E. Green, it is claimed that the District Court was without jurisdiction to try the case. This would be true had not the plaintiff also sued on the two notes executed by Brelsford and secured by a vendor's lien on real estate. Though the amount of recovery sought on all the notes was less than $500, the petition asks and the judgment grants a foreclosure of a lien upon real estate; and therefore the District Court had jurisdiction.

It may be that the defendant Brelsford was improperly joined in the suit, and if that question had been raised in the court below and sustained, then the court would have been without jurisdiction to proceed, as against the Greens; but that question not having been raised in the trial court, and the court having jurisdiction by reason of the fact that the plaintiff sought to foreclose a lien on real estate, the Greens can not complain in this court upon the ground that if the proceedings had been regular and there had been no misjoinder of parties the court would have had no jurisdiction; and what has just been said applies to the objection made for the first time in this court, to the effect that there was a misjoinder of parties defendant, and that the plaintiff should have sued the Greens and Brelsford separately. If it be conceded that the course pursued was irregular, and that there was a misjoinder of parties as claimed, still, as the defendants, having notice of the manner in which the suit was brought, did not make the objection in the court below, we think it is too late to raise the question for the first time in this court.

It is also claimed that the plaintiff's petition on its face shows that the debt owing by Green was not due, and that the suit was prematurely brought. This contention rests upon the theory that the petition shows a payment of $744.29, without any agreement between the parties or direction by Green as to how the payment should be applied; and therefore that the law would apply it, first to the payment of the interest due, and the remainder to the principal, and as the payment exceeded the interest due and as the principal was not due, unless there was default in the payment of interest, therefore the suit was prematurely brought. We think this contention is based upon a misconstruction of the petition. The petition, after alleging that the plaintiff loaned the Greens $1000, that they executed a principal note for that amount and eight coupon notes for the semi-annual interest thereon, that the building on the real estate had been insured for the plaintiff's benefit, and that it had been destroyed by fire, states, "that on November 25, 1895, plaintiff received on account of said principal note the sum of $744.29, leaving a balance due on the same of $255.71 as of November 25, 1895, all of which is shown by indorsement on the back of said principal note."

This averment may be construed, by inference at least, to mean that the $744.29 was paid to the plaintiff upon the note for $1000 loaned to the Greens, and not upon the coupon notes executed by them for the interest; and so construing the petition, several of the coupon notes for interest were due at the time the suit was brought, and that fact authorized the plaintiff to declare the entire debt due.

It is urged that as the plaintiff sued Brelsford on the two notes for $1000 each and held by the plaintiff as collateral security, that it should have sought and obtained judgment against him for the full amount due on the two notes, and because this was not done a reversal is asked. As above stated, no one but the Greens are prosecuting this writ of error, and while it might have been proper for the plaintiff to have sought and recovered against Brelsford a judgment for the full amount of the notes executed by him, yet, as the Greens were made parties to the suit, and therefore had notice of the fact that the plaintiff was only seeking to recover against Brelsford the amount due it from Green, and did not object nor ask to have judgment rendered against Brelsford for the full amount of the notes executed by him, we do not think they are in any position to complain in this court. All of the parties at interest were before the court, and under our blended system of law and equity, the court had the power to render the judgment that was rendered. Goldman v. Blum, 58 Texas, 636; Harris County v. Campbell, 68 Texas, 22.

No reversible error has been assigned, and the judgment will be affirmed.

*Affirmed.*