JOHN W. STANDEFER v. AULTMAN & TAYLOR MACHINERY
COMPANY.

Decided January 2, 1904.

1.—Principal and Agent—Admissions of Agent.

Where a machinery company sold plaintiff a thresher, with an agreement to send a man to put it in operation, and did send its State agent for that purpose, his admissions, as testified to by plaintiff and made at the time of the effort to put the thresher in operation, to the effect that the machinery was defective and not what was contracted for, were admissible in evidence against the company.

2.—Expert Evidence—Witness Qualified—Interest.

A witness who had worked around and with threshers for many years was competent to testify that a thresher he bought from defendant was old and worn out when he got it; and his interest in the case did not disqualify him from testifying as an expert.

3.—Res Adjudicata—Breach of Warranty.

A judgment of foreclosure obtained by the seller of machinery against the purchaser on lien notes given for the purchase price is a bar to the purchaser's right to a rescission, but not of his remedy for a breach of warranty. Where the purchaser contracted to pay the freight, the amount thereof to be credited on his notes given for the purchase money, this was concluded by the judgment on the notes.

4.—Jurisdiction—Amount in Controversy.

Where the amount put in controversy by plaintiff's version of the matters in dispute was within the jurisdiction of the court, it was immaterial that defendant's allegations placed the amount at a sum outside of the jurisdiction.

Appeal from the County Court of Bosque. Tried below before Hon. B. J. Word.

*H. S. Dillard* and *Robertson & Robertson,* for appellant.

*N. J. Wade* and *Burgess & Burgess,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant bought from appellee certain threshing machinery, and instituted this suit to recover damages for an alleged breach of warranty of the same.

It appears from appellant's first bill of exceptions that while he was upon the witness stand testifying in his own behalf, he offered to testify that J. W. Brown, the State agent and manager in Texas for appellee, came to Bosque County, and after making an ineffectual effort to make the machinery operate, properly admitted to witness that "the thing wasn't any good, and was a worthless outfit; that it was a hurried-up job, and was not the machinery he had represented it to be to plaintiff, and that it was not the machinery plaintiff ordered, but that the machinery plaintiff had ordered was torn up on the road in a railroad wreck." This testimony was excluded upon the objection that it was "hearsay and the declarations of said Brown are not binding on the defendant, the same appearing to have been made by said Brown after the signing of the order for the machinery." This ruling was error. Not only was Brown shown to have been the general State agent and manager for

appellee,—its alter ego,—in this State, but the admission was made at a time when the transaction between the parties was still pending. The transaction in part was contemporaneous with the admission. The contract of purchase and sale contemplated that the appellee should, in case of necessity, send an expert to set the machinery in operation. This it had been called upon to do, and was in the act of doing, when the admission was made. Brown, the agent, was engaged at the time in an act in furtherance of the transaction concerning which he spoke, and his statements should have been admitted. Cooper Grocery Co. v. Britton, 7 Texas Ct. Rep., 408.

The same witness offered to testify that the machinery in question was worn out and old when he got it. This, too, was excluded as the opinion of the witness. The testimony had shown that appellant had been farming for about thirty years, and that during that time he had worked around threshers, and that he had run a horse-power thresher for ten years in McLennan County and another for seven years in Bosque County, and that he was familiar with the working of threshers and the manner of operating them. That he had never run a steam thresher, but that so far as the threshers are concerned it did not make any difference whether the power was horse or steam; that the machine or separator worked the same, and that the only difference was that steam threshers ran at a higher speed, but that the separator and its attachments worked the same with both powers. This, we think, qualified the witness to give his opinion in the particulars about which he offered to testify. Interest does not disqualify one to testify as an expert, as appellee suggests.

In confirming appellant to the warranties contained in the written contract or order the court committed no error, since this was the contract pleaded and relied on.

The judgment of foreclosure obtained by appellee against appellant on the notes given for the purchase money of the thresher, would operate as a bar of his right to a rescission, but not of his remedy for a breach of warranty. Bingham v. Kearney (.Cal.), 68 Pac. Rep., 597. It would seem, however, that if appellant contracted to pay the $145 freight,— same to be credited on his purchase money notes,—that this item is necessarily concluded by the former judgment. He already has, or must be held to have, this credit. Belcher Land Mortgage Co. v. Norris, 33 Texas Civ. App., —.

The evidence tends to show a waiver upon the part of the company of the requirements concerning notice and use and redelivery of the defective machinery, and these questions, or such of them as were pleaded, should have been submitted to the jury.

The amount put in controversy by plaintiff was within the jurisdiction of the court. His version, and not that of appellee, of the amount due upon the Dallas County judgment will control in this respect. So that

if the amount of the judgment, viz., $275, be added to the items sued for, the amount is less than $1000.   That appellee alleges the amount of the judgment to be more than $1000 can not alter the rule.

The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*