## LE MASTER v. LEE et al.

·(Court of Civil Appeals of Texas. Amarillo. June 22, 1912. Rehearing Denied Oct. 12, 1912.)

1. COURTS (§ 121*)—STATE COURTS—TEXAS—COUNTY COURTS—JURISDICTION.

In determining whether the county court ·has jurisdiction of a particular action, the petition only can be considered, and jurisdiction cannot be conferred by a plea in reconvention.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428; Dec. Dig. § 121.*]

2. COURTS (§ 121*)—JURISDICTION OF COUNTY COURT.

In a suit to cancel a note for $200, which carried interest and provided for attorney's fees, if placed in the hands of an attorney for collection, the petition showed that the note had not been placed in the hands of an attorney for collection. *Held*, that as interest is not taken into consideration in determining the amount in controversy in a suit upon a promissory note, and the principal being only $200, the county

court was, under Const. art. 5, § 16, providing that the county court shall have jurisdiction in all civil cases when the matter in controversy shall exceed in value $200 and not exceed $500, without jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428; Dec. Dig. § 121.*]

Appeal from Cottle County Court; W. E. Prescott, Judge.

Action by G. A. Lee against Mike C. Le Master, and others. From a judgment against defendant Le Master, he appeals. Reversed and rendered.

Cooper, Merrill & Lumpkin, of Amarillo, for appellant. Marshall & Montgomery, of Quanah, C. C. Wilson, of Chickasha, Okl., and J. Ross Bell, Whatley & Hawkins, and Brown & Warlick, all of Paducah, for appellees.

HALL, J. Appellee G. A. Lee filed this suit in the county court of Cottle county against appellant Mike C. Le Master and the First State Bank of Paducah, the Quanah National Bank, and the Lone Star Life Insurance Company. The purpose of the suit was to cancel a note for the sum of $200 made by Lee, payable to himself and indorsed to Le Master. The petition alleged that the defendant Mike C. Le Master represented to the plaintiff that he was agent of the Lone Star Life Insurance Company, and as such agent had authority to sell capital stock for said company, and to accept in payment therefor promissory notes. It is further alleged that the Quanah National Bank, acting by and through its president, recommended to plaintiff that the said Le Master was such agent and had such authority, when in truth and in fact he had no such authority, and the fact was well known to said Quanah National Bank; that, relying upon such representations, plaintiff subscribed for $200 worth of the capital stock of said insurance company, and in payment therefor executed and turned over to the defendant Le Master his certain promissory note in the sum of $200, bearing interest from date until paid at the rate of 10 per cent. per annum, and providing for 10 per cent. attorney's fees if placed in the hands of an attorney for collection, due and payable December 1, 1910; that Le Master had made a pretended sale of the same to the Quanah National Bank. The petition further sets up the fact that the insurance company had failed and refused to issue the stock, that the note was in the possession of the First State Bank of Paducah, and concluded with a prayer for judgment, canceling the note, for costs of suit, and such other and further relief as plaintiff might show himself to be entitled. The Citizens' National Bank of Quanah intervened, setting up that it was the owner and holder of the note which plaintiff sought to have canceled, and prayed for judgment for the amount of

the note, principal, interest, and attorney's fees in the sum of $250. Upon a trial of the case the court instructed the jury, first, to find for the defendant First State Bank of Paducah against the plaintiff; second, to find for the Lone Star Life Insurance Company against the plaintiff; third, to find for the plaintiff Lee against the defendants Le Master, Quanah National Bank, and Citizens' National Bank, in so far as it affected the plaintiff Lee; and, fourth, to find in favor of the Citizens' National Bank against the defendant Le Master on his indorsement, the amount of the principal, interest, attorney's fees, and protest fees due upon the note. By proper proceedings, appellant Le Master brings the case to this court and assigns numerous errors, only one of which it will be necessary to consider, which is as follows: "Because the court erred in not sustaining this defendant's general demurrer to plaintiff's first amended original petition."

[1] The first proposition submitted under this assignment is: "This was a suit to cancel the note dated March 25, 1910, in the sum of $200, and the county court of Cottle county had no jurisdiction to try said cause." In our opinion the general demurrer should have been sustained. Appellees contend that the plea in reconvention by the Citizens' National Bank of Quanah, praying judgment for the amount of the note and attorney's fees, aggregating $250, gave the county court jurisdiction of the controversy. In De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882, appellee brought suit in the county court of De Witt county against a road overseer to enjoin him from opening up a road over appellee's land. A temporary writ of injunction was granted by the county judge. The road overseer filed an answer, and the county of De Witt intervened, and among other pleas alleged that the appellee Wischkemper had wrongfully closed up the road and obstructed the same, and excluded the public therefrom, to the damage of the county $500. Brown, Justice, referring to section 16, art. 5, of the Constitution, and discussing authorities bearing thereon, in concluding the decision of the issue, said: "In this case no value of the subject of the suit is alleged. Therefore the application for the writ of injunction does not bring this case within the terms of the Constitution, and the county court had no jurisdiction to issue the writ of injunction upon the facts stated. The plea in reconvention cannot aid the petition on the question of jurisdiction to grant the writ." Ratigan v. Holloway, 69 Tex. 468, 6 S. W. 785, was a suit filed by appellee to recover $505.89, balance alleged to be due for money paid for the benefit of appellant after deducting certain credits to which the petition admitted the appellant was entitled. There was a judgment by default for $526.30. Subsequently the appellant (defendant) moved to set aside this judgment, and alleged that he was entitled to other credits besides those admitted in the petition. The court having intimated that it would grant the motion, plaintiff remitted all of the amounts claimed as credits by defendant, and took judgment for the balance, and the motion was overruled. Appellant also moved to dismiss the cause because the remittitur taken in connection with the pleadings and motion for new trial showed that the court had no jurisdiction of the subject-matter of the suit, and the refusal of the court to grant the motion is the subject of the only assignment upon which the case was appealed. Willie, Chief Justice, affirmed the judgment, and said: "Had the credits claimed in the motion for new trial been allowed in the petition, the amount sued for would have been insufficient to give the court jurisdiction of the cause, but the sum claimed in the petition was over $500, and upon its face the court had jurisdiction. Under our decisions the amount claimed in the petition determines the jurisdiction, and that question is concluded by its averments, unless it otherwise appears that an attempt has been made through improper averments to give the court cognizance of the cause which it is not authorized to adjudicate. Dwyer v. Bassett, 63 Tex. 274; Tidball v. Eichoff, 66 Tex. 58 [17 S. W. 263]." After discussing the facts, the opinion proceeds further: "As the status of the indebtedness at the time of the commencement of the suit and not at the date of the judgment determines the jurisdiction of the court, there is nothing in the record to show that at the former date it was less than $500, and that plaintiff intended a fraud upon the jurisdiction of the court by suing for more than that amount. We think the motion to dismiss was properly overruled."

[2] In the instant case the attorney's fees had not accrued because the contingency upon which they were due, viz., the placing of the note in the hands of an attorney for collection, had not happened. Interest is not taken in consideration in determining the amount in controversy in a suit upon a promissory note, and the principal of the note being for only $200, and the purpose of the suit being to cancel it, the amount due thereon at the date the suit was filed fixed its status, and since, under section 16, art. 5, of the Constitution, the county court has no jurisdiction where the matter in controversy is $200 or less, the authorities here quoted are decisive of the question presented. The rule announced by the Supreme Court that the amount put in controversy by the plaintiff's petition and that the allegations in the defendant's pleadings do not control in this respect is reaffirmed in the case of Standefer v. Aultman & Taylor Mach. Co., 34 Tex. Civ. App. 160, 78 S. W. 552.

It follows from what has been said that, the county court not having acquired juris-

diction to hear and determine the cause, this court has none, and the judgment is therefore reversed, and is here rendered, dismissing the cause.