AYO et al. v. ROBERTSON et al. (No. 7654.)

(Court of Civil Appeals of Texas. Galveston. Dec. 20, 1918. Rehearing Denied Jan. 16, 1919.)

1. HUSBAND AND WIFE ⚙️113—PERSONAL INJURIES TO WIFE — SEPARATE PROPERTY—STATUTES.

Where the right of action of a wife for personal injuries accrued after the passage of but before Acts 35th Leg. c. 194 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621), went into effect, Acts 34th Leg. c. 54, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621a), providing that damages for personal injuries to a wife should be her separate property, fixed her rights, assuming that the later act repeals the earlier.

2. HUSBAND AND WIFE ⚙️113—PERSONAL INJURIES TO WIFE — SEPARATE PROPERTY—DAMAGES.

Acts 35th Leg. c. 194 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621), classifying separate and community property, did not impliedly repeal Acts 34th Leg. c. 54, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621a), providing that compensation for personal injuries sustained by the wife shall be her separate property.

3. STATUTES ⚙️158—REPEAL—REPEAL BY IMPLICATION.

Repeals of statutes by implication are not favored.

4. PLEADING ⚙️34(3)—CONSTRUCTION.

Every reasonable intendment will be indulged in favor of a pleading as against a general demurrer.

5. HUSBAND AND WIFE ⚙️235(3)—PERSONAL INJURY SUSTAINED BY WIFE —, INSTRUCTIONS.

In an action by a wife and her husband for personal injuries sustained by the wife, an instruction permitting recovery for "the reasonable value of lost services to plaintiff in the performance of her household duties down to this date, if any, caused or occasioned by the injuries sustained by her on the occasion in question," could not be construed to have authorized any recovery in behalf of husband for the value to him for the lost services of his wife.

6. APPEAL AND ERROR ⚙️511(1)—RECORD—BILL OF EXCEPTIONS—MATTERS REVIEWABLE—CONTINUANCE.

There can be no reversal because of the overruling of a motion of continuance, where no bill of exceptions to such action appears in the record.

7. CONTINUANCE ⚙️26(3)—DILIGENCE.

Where subpœna for witness was issued September 25th, and sheriff was permitted to delay making a return thereon, showing the witness temporarily absent, until October 12th, and nothing was done until trial on October 23d, no attempt being made to take his deposition, the return of the sheriff indicating where witness could be found, there was a lack of diligence, and it was not an abuse of discretion to overrule a motion for continuance.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Mrs. J. O. Robertson and husband against Tony Ayo and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

A. B. Wilson, of Houston, for appellants.
Kennerly, Williams, Lee & Hill, Hutcheson & Bryan, and Fred T. Wilson, all of Houston, for appellees.

GRAVES, J. This appeal proceeds from a $2,500 judgment entered by the court below in favor of appellees against appellants upon a jury's verdict. The verdict was returned for $3,000, but $500 of that amount was remitted before entry of the judgment.

While most of the assignments presented are at least subject to some of the objections interposed against them, since their evident purpose is to call in question the fundamental sufficiency of the pleadings and proof to support the judgment rendered, in the indulgence of a preference to slough off the trappings of mere procedural matters and get down to the merits of causes, we conclude to consider them.

It is first said the judgment is void, being for personal injuries to the wife in a suit therefor brought by herself and merely joined pro forma by her husband, because such damages constitute community property, and so cannot be recovered by the wife in that character of suit. We do not so understand the law. By Act of March 15, 1915, chapter 54, § 1, Acts of 34th Legislature, p. 103 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621a), it is provided:

"All property or moneys received as compensation for personal injuries sustained by the wife shall be her separate property, except such actual and necessary expenses as may have accumulated against the husband for hospital fees, medical bills and all other expenses incident to the collection of said compensation."

[1-3] Appellants reply, however, that this statute was by implication repealed by the later act of 1917, Acts 35th Legislature, c. 194, p. 436 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621), in classifying the separate and community property as between husband and wife. A sufficient answer to this suggestion is that the act thus invoked was not available here, even if it had repealed the preceding one, because it did not become effective until after the cause of action herein recovered upon accrued; that act became effective 90 days after the adjournment of the Legislature on March 21, 1917, whereas this cause of action accrued on June 18, 1917. But if it were applicable, we see no reason for holding that it did impliedly repeal the former law, since repeals by implication are not favored. Cole v. State, 106 Tex. 472, 170 S.

W. 1036; Sutherland on Statutory Construction, par. 138; Curtin v. Harris County, 203 S. W. 453.

The next contention is that neither the pleadings nor proof support the judgment, in that J. O. Robertson was solely a pro forma, not a real party to the suit, hence had no recoverable right of any sort involved therein, and the court erred, both in telling the jury they might find the reasonable value to him of his wife's lost services, and in permitting any recovery at all in behalf of either for such physical pain and mental anguish as might be suffered by Mrs. Robertson in the future, because there was no evidence reasonably indicating that she would probably so suffer.

[4] As to the sufficiency of the pleading, since only a general demurrer was interposed against it, every reasonable intendment will be indulged in its favor. When that is done here, while this pleading is somewhat nebulous, we think it susceptible of the construction that J. O. Robertson was made a pro forma party only in so far as damages for personal injuries to the wife were sought, but a real party as to damages recoverable in behalf of their community estate. The seventh paragraph of the petition seems to us to plainly disclose that purpose.

[5] Neither do we think the court's charge can properly be construed to have authorized any recovery in behalf of the husband for the value to him of the lost services of his wife. She herself was an actual party plaintiff, and, to quote part of the language of the charge, it merely permitted a recovery for "the reasonable value of lost services to plaintiff in the performance of her household duties down to this date, if any, caused or occasioned by the injuries sustained by her on the occasion in question."

When the statement of facts is looked to, we think the further objection that the proof failed to indicate the probability of future suffering upon Mrs. Robertson's part likewise fades. Not only she herself, but one of the doctors, testified to such permanent injuries as would ordinarily and according to common experience produce future pain.

[6, 7] Lastly, it is claimed there should be a reversal because of the overruling of appellant's motion for a continuance. No bill of exceptions to such action appears in the record, however, which fact alone would defeat the assignment presenting the matter as error. District Court Rule No. 55 (142 S. W. xxi); El Paso & N. E. Ry. Co. v. Sawyer, 56 Tex. Civ. App. 195, 119 S. W. 107; City of San Antonio v. Ashton, 135 S. W. 757. But, if that omission were overlooked, it is still thought no instance of an abuse of discretion is presented, in that appellants did not show sufficient diligence in efforts to procure the testimony of the absent witness for the want of which they asked the continuance. It appears upon the face of their application that the subpoena for the witness was issued to his residence address in Houston Heights, Harris county, on September 25th, the sheriff being permitted to delay making a return thereon showing the witness to be temporarily in San Antonio, Tex., until the 12th of October following; that counsel for appellants then left Houston on October 12th to look after other business elsewhere, remaining away until October 18th, it not appearing that any effort was made either to attend to this matter himself while away, or to have some one else do so for him; the case was not tried until October 23d, and no attempt is made to show that this absent witness' deposition could not have been taken in the 11 days intervening between the trial and the sheriff's belated return indicating where he could be found.

After a careful consideration of all assignments, the conclusion is reached that none of them point out reversible error, and the judgment is, accordingly, affirmed.

Affirmed.