**MACH et al. v. WOFFORD. (No. 8473.)**

(Court of Civil Appeals of Texas. Dallas. Jan. 29, 1921.)

1. **Judgment ⬞123(1)—After default and writ of inquiry, refusal to hear case on the merits was proper.**

On the record and under Rev. St. 1911, arts. 1883, 1936, 1938, held that the trial court did not err in hearing proof on a writ of inquiry and rendering judgment instead of permitting defendant to file answer and introduce testimony on the merits, as though no default judgment had been rendered.

2. **Pleading ⬞85(3)—Refusal to permit filing of answer after entry of default held not error.**

Where petition in action on note was good as against a general exception, and where the note was produced, court's refusal, after entry of default, to permit defendant to file answer, consisting of a general exception and general denial, held not error; no defense being shown thereby.

3. **Judgment ⬞138(1)—Refusal to set aside default, to make payee of note sued on a party, held not error.**

In transferee's action on note against maker, refusal to set aside default judgment against maker in order to permit maker, who claimed that there was a conspiracy between payee and transferee and that transferee was not holder in good faith, to make the payee a party to the action, held not error.

4. **Appeal and error ⬞544(1)—Plea to jurisdiction not considered, in absence of statement of facts and bills of exceptions.**

Where petition showed cause of action for amount within jurisdiction of court, and where judgment was for an amount within the court's jurisdiction, failure to sustain plea to jurisdiction held not error, in the absence of a statement of facts and bills of exceptions.

5. **Judgment ⬞138(1)—Refusal to set aside default to permit answer denying plaintiff's ownership of note held not error.**

In transferee's action on note against maker, refusal to set aside default judgment against defendant, and to permit defendant to file answer, alleging that plaintiff was not the owner and holder of the note, held not error.

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by R. P. Wofford against John Mach and Frank J. Mach. Judgment for plaintiff against the last-named defendant, and he appeals. Affirmed.

The assignments of error are as follows:

First assignment of error: "The court erred in rendering judgment on the 9th day of January, 1920, in favor of the plaintiff and against this defendant."

Second assignment of error: "The court erred in not permitting the defendant to file an answer before rendering judgment."

Third assignment of error: "The court erred in permitting the plaintiff to dismiss this cause of action against the defendant John Mach."

Fourth assignment of error: "Because the court erred in rendering judgment against this defendant, and in refusing to permit this defendant to make A. U. Puckett a party to this cause."

Fifth assignment of error: "Because the court erred in rendering judgment herein, and in failing to set aside said judgment, and sustaining this defendant's plea to the jurisdiction of this court."

Sixth assignment of error: "Because the court erred in rendering judgment herein, and in refusing to set aside said judgment, for the reason that the plaintiff is not and was not the owner and holder of said note."

Hatcher & Zumwalt, of Dallas, for appellant.

Rasbury, Adams, Stennis & Harrell, of Dallas, for appellee.

RAINEY, C. J. Statement of the nature and result of the suit is taken from the brief of appellee, which we find correct, and the same is adopted by this court, and is as follows:

"This is a suit by R. P. Wofford, appellee, against John Mach and Frank J. Mach on a promissory note payable to A. U. Puckett and by him, for a valuable consideration, before maturity, sold and transferred to appellee. Suit was filed October 17, 1919, and citation issued returnable on the first Monday in November, 1919. The sheriff's return on this citation is as follows: 'Came to hand on the 18th day of October, 1919, at 12 o'clock a. m., and executed on the 21st day of October, 191—, at 10 o'clock a. m., by delivering to Frank J. Mach, John Mach has gone to Europe, the within-named defendant, in person, a true copy of this writ, together with a certified copy of plaintiff's original petition.' On November 3, 1919, the defendant Frank J. Mach appeared by his attorneys of record and filed a motion to quash the service. This motion to quash was sustained, and the case continued to the January term, 1920. On January 6, 1920, judgment by default with a writ of inquiry was rendered by the trial court in favor of appellee against the defendant Frank J. Mach; said defendant having appeared at the previous term, and having failed to file any answer in this cause. On January 9, 1920, this cause came on to be heard on said writ of inquiry, and final judgment was rendered in favor of appellee against the defendant Frank J. Mach on said note and discontinued as to the other defendant. On January 9, 1920, the defendant Frank J. Mach filed in the trial court his original answer, consisting of a general exception and a general denial, signed by his attorneys of record, but not verified by the affidavit of any one. On January 10, 1920, the defendant Frank J. Mach filed his motion for a new trial, and on February 24, 1920, said defendant filed his amended motion for a new trial, and, after hearing the evidence on said amended motion for new trial, the court overruled same, and

⬞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the said Frank J. Mach excepted, gave notice of appeal, and perfected his appeal to this court by filing his supersedeas bond, with T. H. Skravanek and Joe Norg as sureties, and in due time filed herein a transcript of said proceedings and a statement of facts introduced upon the trial of defendant's motion to set aside the judgment of the court rendered by default on the 6th day of January, 1920, and made final upon proof made by plaintiff on the 9th day of January, 1920."

[1] Appellee objects to the consideration of appellant's first assignment of error, because it fails to specifically point out any error, and presents the following counter proposition:

"The court did not err in hearing proof on writ of inquiry and rendering final judgment when the case was regularly reached for trial on the docket of the court where default judgment had previously been regularly taken"

—and makes the following statement:

"This was a suit on a promissory note executed by appellant and another. Citation was served on appellant, citing him to appear at the November term, 1919, and appellant appeared on November 3, 1919, and filed a motion to quash the service on him. The January term, 1920, commenced on January 5, 1920. On January 6, 1920, the trial court rendered judgment by default in favor of appellee and against appellant, and granting writ of inquiry. On January 9, 1920, when this cause was regularly reached on the docket of the trial court, the case was heard on said writ of inquiry. The appellee appeared by his attorney and announced ready for trial, and the appellant appeared by his attorney and represented to the court that he had been employed by appellant, and that he had prepared an answer and desired to file same, and the court stated that he would permit proof to be made in the manner provided by law upon said writ of inquiry, and would render such judgment as the pleadings and proof warranted, and that counsel for appellant could file an answer if he desired, and could move to set aside the judgment, and that his motion would be heard in its regular order; and counsel for appellant protested against the court rendering any judgment, and in not permitting him to file said answer and introduce testimony upon the merits involved, as though no default judgment had been rendered. A jury was waived, and, after hearing the evidence, the court rendered judgment against appellant, finding that the written instrument sued on had been executed by appellant and one John Mach, and that appellant and said John Mach are jointly and severally liable to plaintiff for the amount for which judgment was rendered. On the same day that said final judgment was rendered, to wit, on January 9, 1920, appellant filed his original answer, which consists of a general exception and a general denial, not verified by the affidavit of any one." Notwithstanding appellant had appeared in court at the previous term on November 3, 1919, more than 60 days prior to the default judgment and final judgment in favor of appellee, there is nothing in appellant's answer filed on January 9, 1920,

which indicates any defense to this suit on a note, and, notwithstanding this case was on the assignment and regularly reached for January 9, 1920, it appears that appellant was not present, and his counsel stated to the court that he could not offer any evidence, unless the case could be postponed; but there is nothing in the record to indicate that appellant or his counsel applied for a postponement or continuance of the case."

Appellant's statement is misleading in several respects, and especially in his effort to make it appear that on February 17, 1920, the trial court rendered default judgment, and had it entered as of date January 6th and on February 17, 1920, rendered a final judgment and had it entered as of date January 9th. Appellant is probably misled by the date given by the clerk on which his minutes were actually written. In writing the minutes our clerks put at the top of the entry the actual date on which it is entered, and, notwithstanding the default judgment was taken on January 6th, and made final on January 9th, these orders were not written into the minutes until February 17th, and the clerk shows that the judgment is entered as of January 6th and January 9th, respectively. Furthermore, there is written into the body of the default judgment and into the body of the final judgment the date on which the court actually made the order. The transcript shows that on January 10, 1920, appellant filed his motion for a new trial asking the trial court to set aside the judgment rendered on the 9th day of January, 1920. With this record, we are sure that appellant will not seriously contend that on January 10, 1920, he filed a motion to set aside a judgment or order that was not made until the 17th day of February, 1920. Articles 1883, 1936, 1938; W. U. T. Co. v. Skinner, 60 Tex. Civ. App. 477, 128 S. W. 715; Delaware Ins. Co. v. Hutto, 159 S W. 73; Order v. Noble, 174 S. W. 623; Davis v. Marshall, 25 Tex. 372; Shipp v. Anderson, 173 S. W. 598; Stringer v. Robertson, 140 S. W. 502.

[2] Appellee objects to consideration of appellant's second assignment of error and presents the following counter proposition:

"In a suit on a note in writing, an answer consisting of a general exception and a general denial offers no defense, if the petition is good as against a general exception and the note is produced."

The following statement is also presented:

"Appellant makes no claim that appellee's petition is subject to a general exception, and the record shows said petition to be good as against a general exception. The judgment of the trial court shows that a default judgment was rendered on January 6, 1920 (the second day of the term), and thereafter was regularly reached on the docket of the court on January 9, 1920, and that plaintiff's cause of action is liquidated and proved by an instru-

ment in writing executed by appellant, and the default judgment shows that appellant applied at a former term of the court by his attorney, and filed and urged his motion to quash the service on him because of a defect in the sheriff's return, and failed to appear and answer at said January term, at which said default judgment was rendered, but wholly made default. In the statement of the facts offered at the hearing on the motion for a new trial, it was agreed that on the 9th day of January, 1920, counsel for appellant filed an answer for appellant. This answer is found on pages 2 and 3 of the transcript, and consists of general exception and a general denial, and is not sworn to."

Appellee objects to the consideration of appellant's third assignment, because it fails to specifically point out any error. Appellee's counter proposition thereunder is as follows:

"In a suit on a written instrument executed by two parties, and it is made to appear that one is a nonresident, there is no error in permitting the plaintiff to discontinue or dismiss as to the one, on which no service has been had, and take judgment against the other, on whom service has been had, and who has made default."

The following statement is also presented:

"In his statement under this assignment, appellant says that it is shown by his first supplemental motion for a new trial that the note sued on herein shows upon its face that John Mach is the principal and that appellant was and is only a surety. This is untrue, and is not supported by anything in the record; there is no statement of facts as to the evidence offered at the trial on January 9, 1920, and the note does not appear in the record. Appellee's petition shows that the note sued on was executed by the appellant and John Mach, and alleges that they are jointly and severally liable on said note, and in his judgment the trial court finds that this instrument was executed by appellant and John Mach, and that they are jointly and severally liable thereon. On the motion for new trial the appellant testified under oath in part as follows: 'That on April 27, 1917, there was pending against him a certain complaint or indictment in the federal court for the Northern district of Texas, at Dallas, and that he employed one A. U. Puckett, an attorney of Dallas, to represent him in said prosecution; that at the time he employed said Puckett he paid him the sum of $100 in cash, and afterward, at the request of said Puckett, executed and delivered to said Puckett the note herein sued upon.' The same statement, in substance, is made in the second paragraph of appellant's first amended answer filed in the trial court on February 25, 1920, and supported by the affidavit of appellant. This testimony of appellant and this sworn answer of appellant show that as between him and John Mach the appellant was principal and John Mach the surety, but there is nothing in the record to indicate that either was a surety. The sheriff's return shows service on appellant, with the following statement as to the other defendant, 'John Mach has gone to Europe.' "

[3] A consideration of appellant's fourth assignment of error is objected to by appellee on the ground that it fails to specifically point out any error, and appellee presents the following counter proposition thereunder:

"If appellant had any cause of action against A. U. Puckett, who was not a party to the suit brought by appellee, the refusal of the court to set aside a judgment in favor of appellee against appellant, at the request of appellant, to enable appellant to attempt to make A. U. Puckett a party to the suit, was not error, because such action by the court does not deprive appellant of any right to proceed against the said A. U. Puckett on any cause of action he may have against said A. U. Puckett, and there is no reason why appellee should be delayed in the collection of the claim against which appellant urged no defense, in order that appellant might attempt to bring in another party against whom appellee had no cause of action."

Appellee also makes the following statement:

"Appellant's proposition under this assignment appears to be based on his contention that there was a conspiracy between appellee and the payee of the note sued on, and that appellee knew of the claims which appellant now urges against A. U. Puckett at the time appellee purchased the note, and, in his statement, appellant represents that in his amended motion for a new trial he alleged that appellee had full knowledge of these claims at the time he purchased the note sued on, and that appellee was acting with the said Puckett and for the purpose of defrauding appellant, and that they entered into a conspiracy for said purpose, and that appellee is not the owner and holder of said note. This amended motion or petition for a new trial appears to have been filed on February 25, 1920, and on the same day it appears that appellant's amended answer was filed, and in the fourth paragraph of this amended answer it is alleged that appellee had full knowledge of all the facts as to these claims of appellant against the said Puckett; but, when appellant was called upon to verify this answer by his affidavit, he does not attempt to swear to these allegations, but expressly limits his affidavit to paragraphs 2 and 3 as set out in this answer, and paragraphs 2 and 3 make no allegation as to any knowledge on the part of appellee as to any of these claims, and appellant in his testimony admits that he knows nothing about these charges against appellee.

"In his second proposition under this assignment appellant contends that he is entitled to recover from Puckett any payments which he made Puckett on this note and which were not credited thereon, but the judgment of the trial court in no way deprives appellant of this right. At the hearing on motion for new trial Mr. A. U. Puckett testified that he was employed by appellant and John Mach to represent them in the United States court, where they were charged with selling intoxicating liquor in violation of the laws of the United States, and to which charge they afterward

pleaded guilty, that he took notes from them, and that all sums which they had paid him had been credited, with their agreement, on another note, and that no payment had ever been made to him on the note sued on, and it was never entitled to any credit; that he sold this note to appellee, and indorsed it without recourse, and delivered it to appellee, two or three months before it was due; that he never heard of any of the claims for which the Machs were now contending until after this suit was filed, and that appellee never heard of any such claims until long after he purchased the note from him (Puckett); that when he sold the note to appellee he told appellee that it was a good note, and that the parties were solvent, and that it would be promptly paid at its maturity, and that he never told appellee, nor any one representing appellee, that there was any claim that could be urged against this note. When appellant testified at the hearing on motion for new trial, he first testified on direct examination that appellee, in purchasing said note, did so by reason of a conspiracy entered into by him and the said Puckett to defraud appellant to the extent of said note, but, on cross-examination, when questioned about this charge, he testified as follows: 'I never met the plaintiff, R. P. Wofford. I am not acquainted with him. I do not know when he purchased this note. I do not know that he had any notice of any of my claims against A. U. Puckett, about which I have testified. I do not know that plaintiff had any notice of any payment by me, or by my Cousin Pete Mach, or any one else, to A. U. Puckett, and I do not know that plaintiff had any notice of any agreement between me and A. U. Puckett, or between Pete Mach and A. U. Puckett, to credit this note with any sum. The conversations with A. U. Puckett, about which I have testified, relative to crediting certain sums on this note, occurred after I had come back from prison, some time during the spring of 1918.' The petition described this note as executed April 27, 1917, and due October 1, 1917, and the conversations which appellant claims to have had with Puckett about certain credits to which appellant now claims he is entitled did not occur until the spring of 1918, long after the note became due, and the uncontradicted testimony shows that this note was sold and transferred to appellee several months before it became due."

[4] Appellee makes the same objections to the consideration of appellant's fifth assignment of error as to the previous assignment, and presents the following counter proposition under said assignment:

"Where the petition of plaintiff shows a cause of action for an amount within the jurisdiction of the court, and a judgment of the court is for an amount within the jurisdiction of the court, it cannot be contended, in the absence of a statement of facts and bills of exceptions, that the court was without jurisdiction of the subject matter."

Statement under said objection is as follows:

"In his petition appellee shows the amount in controversy to be more than $200, and less than $1,000, exclusive of interest, and the judgment of the trial court is for $401. There is no statement of facts proved on the trial of this cause, and there is no bill of exceptions in the record. Long after the default judgment was made final, appellant filed an amended answer, claiming that he and another had delivered to the payee of said note various sums of money, to be applied to the payment of fines and costs, and he alleges that these sums should have been credited on this note; but, when appellant came to testify on the motion for new trial, he testified that these sums of money were turned over to the payee of said notes to pay on fines and costs, and that the payee in said note wrongfully appropriated these sums of money, and did not pay said sums on said fines and costs, and that he had an agreement with the payee in the spring of 1918 that these sums should be credited on this note, but this was a year after the note had been transferred and delivered to appellee."

[5] Appellee objects to the consideration of appellant's sixth assignment, because it fails to specifically point out any error. The proposition presented under said objections is:

"Where a plaintiff sues on a note, and alleges that he is the owner and holder, and that he purchased same before maturity for a valuable consideration, and the court finds that the plaintiff is the owner and holder of the note, and entitled to judgment thereon, and there is no evidence offered to the contrary, it is not error for the court to render judgment for the plaintiff, and to refuse to set aside the judgment on an unsworn answer filed long after the judgment was rendered, claiming, without support of affidavit or evidence, that plaintiff is now the owner of the note."

Statement thereunder is:

"The petition of appellee, the judgment of the trial court, and the testimony of A. U. Puckett as above set out show that appellee was the owner in good faith of this note at the time of the filing of this suit and at the time of the judgment. It is true that in the fourth paragraph of his answer, filed long after the judgment was rendered, appellant alleges that appellee is now the owner and holder of this note; but he does not swear to this paragraph of his answer, and in his testimony he admits that he knows nothing about these charges, and there is nothing in the record; in the way of evidence or affidavit, showing or tending to show that appellee was not the owner and holder of this note at the time of the institution of this suit and at the time of said judgment, unless it be in some of the statements made by appellant, which he repudiated in his testimony."

See Tex. Elec. Ry. Co. v. Gonzales, 211 S. W. 347; St. Louis Railway Co. v. Vick, 210 S. W. 247; Ayo v. Robertson, 207 S. W. 979; Ratigan v. Holloway, 69 Tex. 468, 6 S. W. 785; Dwyer v. Bassett & Bassett, 63 Tex. 274; Standefer v. Aultman, etc., Mach. Co., 34 Tex. Civ. App. 160, 78 S. W. 552.

There is no merit in any assignment pre-

sented by appellants. The record shows no reversible error. The appellants have had a fair trial, and they did not get their defense in in time.

The judgment of the county court is affirmed.