## CROWELL et al. v. MICKOLASCH.
### (No. 544.)

Court of Civil Appeals of Texas. Waco. June 16, 1927.

1. **Appeal and error ⬳20—Court of Civil Appeals held without jurisdiction where county court below had no jurisdiction of subject-matter.**

Where county court had no jurisdiction of subject-matter of suit instituted therein, Court of Civil Appeals *held* to have no jurisdiction on appeal.

2. **Courts ⬳170—Whether county court has jurisdiction of amount involved is to be determined by petition only.**

In determining whether the county court has jurisdiction of the amount involved in a particular action, the petition only can be considered.

3. **Courts ⬳164—Whether county court has jurisdiction of subject-matter of suit is to be determined by petition.**

In determining whether county court has jurisdiction of subject-matter of suit, the allegations of plaintiff's petition control.

4. **Courts ⬳183—Where pleadings put in issue existence and right to foreclosure of lien on real estate as well as debt, jurisdiction does not rest in county court, but only in district court (Rev. St. 1925, art. 1951).**

Where the effect of the parties' pleading is to put in issue the existence and right to foreclosure of lien on real estate as well as the debt, jurisdiction does not rest in the county court, but only in the district court, under Rev. St. 1925, art. 1951, providing that the county court shall have no jurisdiction of any suit for the enforcement of liens upon lands.

5. **Pleading ⬳33—Jurisdiction of county court should appear from petition.**

The county court is a court of limited jurisdiction, and a petition therein should show that the court has jurisdiction.

6. **Mechanics' liens ⬳1—Materialman's lien is incident of debt sued for only.**

The court will regard a materialman's lien as an incident only of the debt sued for.

7. **Mechanics' liens ⬳272—Where petition set forth materialman's lien as well as debt and asked foreclosure of lien as well as debt, general denial put in issue existence and right to foreclosure of lien, as well as debt.**

Where the petition alleged a contract to do certain carpenter work and to furnish certain materials to rebuild a hotel, and set forth an itemized statement of the labor done and materials furnished, and alleged the amount due under the contract and the existence of a valid and subsisting materialman's lien, and prayed for judgment for the amount of the debt and for declaration and foreclosure of the materialman's lien, a general denial put in issue the existence and right to foreclosure of the lien as well as the debt.

8. **Courts ⬳183—Determination of county court's jurisdiction over cause of action, where existence and right to foreclose materialman's lien as well as debt were in issue, is unaffected by failure of judgment to dispose of issue as to lien.**

In determining whether county court had jurisdiction over cause of action where existence and right to foreclose materialman's lien as well as debt was in issue, that the county court's judgment does not dispose of the issue as to the lien in any way cannot be considered.

Appeal from Navarro County Court; Warren Hicks, Judge.

Suit by Frank Mikolasch against Mabel Crowell and husband. From a judgment for plaintiff, defendants appeal. Reversed and remanded, with instruction.

Gibson & Lovett and Davis, Jester & Tarver, all of Corsicana, for appellants.

Richard & A. P. Mays, of Corsicana, for appellee.

STANFORD, J. Suit by appellee against appellant Mabel Crowell, joined pro forma by her husband, M. W. Crowell. Appellee alleged that he made a contract with appellant while she was a single woman, by which she contracted with appellee to have him do certain carpenter work and to purchase and furnish all materials, including lumber, oil, paint, paper, screen doors, glass doors, plumbing, building a garage, etc., constituting altogether a contract for the rebuilding of what was known as the Leon Hotel in the city of Corsicana; that said contract was made for the benefit of appellant's separate property. An itemized statement of the materials furnished and the labor as well as other incidental expenses were more particularly set out in an itemized account attached to appellee's petition and marked Exhibit A. Appellee alleged that the total amount due him under said contract aggregated $822.29; that up to July 6, 1924, there had been payments made reducing the amount to $286.19, for which judgment was sought. Appellee further alleged that he had a valid and subsisting materialman's lien upon the property and said improvements, together with the lot of land upon which said improvements were erected, fully describing same. Appellee prayed for judgment for the amount of his debt, that his materialman's lien be declared and foreclosed, and that said property be sold to satisfy his judgment, etc. Appellants answered by general demurrer, special exceptions, and general denial, denying under oath that appellants owed anything on said contract, etc. The jury, in response to one issue submitted by the court, found that appellant Mabel Crowell had paid appellee on said account $536.10, whereupon the court entered judgment for appellee for $289.69, that being the remainder on deducting the

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

amount found to be paid from the $822.29, the total amount of said bill, and appellants present said judgment here for review.

[1] At the very threshold of this case, there stands out conspicuously, we think, fundamental error showing that the county court had no jurisdiction of the subject-matter of this suit, and hence this court has none. In appellee's original petition on which the case was tried, after pleading his debt, showing a balance due him of $286.19, he pleaded as follows:

"It is alleged that plaintiff has a valid and subsisting materialman's lien upon the property and said improvements, together with the lot of land upon which said improvements were erected. That the land upon which the improvements were so made is known as the Leon Hotel on South Seventh street, in block 39, according to the official map of the city of Corsicana, Tex., and is also known as No. 604 South Seventh street in said city."

And, in part, prayed as follows:

"Premises considered, plaintiff prays * * * that his materialman's lien be declared and foreclosed, and that said property be sold to pay the amount of the debt," etc..

Article 1951, Revised Civil Statutes of 1925, provides:

"The county court shall not have jurisdiction of any suit * * * for * * * the recovery of lands, nor suits for the enforcement of liens upon land."

[2] In determining whether the county court has jurisdiction of the amount involved in a particular action, the petition only can be considered. Dwyer v. Bassett, 63 Tex. 274; Tidball v. Eichoff, 66 Tex. 58, 17 S. W. 263; Ratigan v. Holloway, 69 Tex. 468, 6 S. W. 785; De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Bedford v. Moore et al. (Tex. Civ. App.) 244 S. W. 565; Le Master v. Lee et al. (Tex. Civ. App.) 150 S. W. 315; D. B. Clonts et al. v. J. D. Johnson (Tex. Com. App. on certified questions) 294 S. W. 844, not yet [officially] reported.

[3-5] And in like manner, we think, in determining whether or not the county court has jurisdiction of the subject-matter of a suit, the allegations of plaintiff's petition are controlling. In this case, if the allegations in reference to the materialman's lien had appeared upon the face of the petition to be surplusage, or if no relief had been sought by reason of said lien, it probably would have been sufficient to confer jurisdiction upon said court. Jordan et al. v. Massey (Tex. Civ. App.) 134 S. W. 804. However, where the pleadings put in issue the existence and right to foreclose a lien on real estate, as well as the debt, such cause of action is one for the district court. George et al. v. Ryon, 94 Tex. 317, 60 S. W. 427. The county court is a court of limited jurisdiction, and the jurisdiction

of such court should be made to appear from the allegations of plaintiff's petition.

[6-8] In this case appellee not only fully plead his materialman's lien, but expressly prayed that same be declared and foreclosed and property sold to satisfy debt, etc. It is true a lien is an incident only of the debt sued for, but the general denial in this case by appellant put in issue the existence and right of foreclosure of the lien, as effectually as the debt. The allegations in appellee's petition we think, clearly set forth a cause of action cognizable in the district court only. Tenison v. Hagendorn (Tex. Civ. App.) 155 S. W. 690; Green v. Scottish-American Mtg. Co., 18 Tex. Civ. App. 286, 44 S. W. 319; Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881; Wood v. City of Galveston, 76 Tex. 126, 13 S. W. 227; Handel v. Elliott, 60 Tex. 145. It is true the judgment rendered does not undertake to fix or foreclose the alleged materialman's lien or to dispose of the issue as to said lien in any way, but the judgment rendered cannot be considered in determining whether or not the cause of action was one over which the trial court had jurisdiction. Clonts v. Johnson, supra. The county court having no jurisdiction of the cause of action set forth in appellee's petition on which the trial was had, this court has none.

The judgment of the trial court is reversed and the cause remanded, with instruction to the trial court to dismiss, unless amended pleadings are filed setting forth a cause of action over which said court has jurisdiction.